*United States of America v. Rosado*

$\mathfrak{In\ the}$

# United States Court of Appeals
## For the Second Circuit

August Term 2023

No. 22-1013-cr

UNITED STATES OF AMERICA,

*Appellee,*

STEVE ROSADO,

*Defendant-Appellant,*

Appeal from the United States District Court
for the Southern District of New York
No. 1:21CR00003 (JSR), Jed S. Rakoff, District Judge, Presiding.
(Argued December 15, 2023; Decided July 30, 2024)

Before: PARKER, NATHAN, and MERRIAM *Circuit Judges.*

Defendant-Appellant Steve Rosado appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.). He challenges seven additions to his conditions of supervised release on the ground that they were not orally pronounced at sentencing, but were added only later in the written judgment of conviction. We agree with Rosado that the oral pronouncement of his sentence does not match his subsequent written judgment. The oral pronouncement controls, and so any burdensome punishments or restrictions added in the written judgment should be removed. *See United States*

*v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004).  Accordingly, we **VACATE** and **REMAND** to the district court to strike the challenged conditions from the written judgment.  In a concurrently issued summary order, we affirm the district court's judgment as to other challenges raised *pro se* by Rosado.

> MATTHEW B. LARSEN, Assistant Federal Defenders, Appeals Bureau, Federal Defenders of New York, New York, NY *for* Defendant-Appellant
>
> JANE Y. CHONG, Assistant United States Attorney (Jonathan L. Bodansky and Stephen J. Ritchin, Assistant United States Attorneys, on the brief), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

PER CURIAM:

In November 2021, Steve Rosado pled guilty to attempted enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b) and attempted receipt of child pornography after having been convicted of sex offenses involving minors in violation of 18 U.S.C § 2252A.  On appeal, he challenges seven additions to his conditions of supervised release on the ground that the district court failed adequately to pronounce them at sentencing but later added them to the written judgment of conviction.

We agree that those additions should have been pronounced at sentencing as required by Federal Rule of Criminal Procedure 43(a) and our precedent.  *See, e.g.*, *United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018).  Accordingly, we

2

**VACATE and REMAND** to the district court to enter a modified judgment of conviction removing the seven unpronounced additions.[1]

## BACKGROUND

In December 2020, Rosado met with a woman whom he believed to be the mother of two girls, ages 12 and 9. In previous online exchanges with the woman, who was, unbeknownst to him, actually an undercover law enforcement agent, Rosado expressed a desire to engage in sexual conduct with the daughters. As Rosado and the undercover agent headed to her purported apartment, he was arrested. At the time of his arrest, Rosado was a registered sex offender and had two prior convictions for sex offenses involving minors.

Rosado was subsequently charged with (1) attempted enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) ("Count One"), (2) committing that offense while being required by law to register as a sex offender, in violation of 18 U.S.C. § 2260A ("Count Two"), and (3) attempted receipt of child pornography after having been convicted of sex

---

[1] Proceeding *pro se*, Rosado raised several other challenges to his convictions that we have rejected in a summary order filed this day.

offenses involving minors, in violation of 18 U.S.C § 2252A(a)(2)(B) and (b)(1) ("Count Three").

Rosado entered into an agreement to plead guilty to Counts One and Three. The district court sentenced Rosado to 240 months' imprisonment, to be served concurrently on both counts, followed by a lifetime term of supervised release. In addition to imposing most of the mandatory and "standard" conditions of supervised release detailed in United States Sentencing Guidelines ("U.S.S.G.") § 5D1.3(a) and (c), the district court announced several other conditions that were specific to Rosado. Of these, Conditions Three, Four, and Six are relevant to this appeal. At sentencing, the district court articulated those conditions as follows:

> **Condition Three**: Rosado "will not have any deliberate contact with any child under 18 years of age unless approved by the probation office[.]"
>
> **Condition Four**: Rosado "will permit the U.S. Probation Office to install any application or software that allows it to survey and/or monitor his computer and similar activity[.]"
>
> **Condition Six**: Rosado "will undergo a sex offense specific evaluation and participate in an outpatient sex offender treatment and/or outpatient mental health treatment program on the standard terms and conditions[.]"

App'x at 32-33. However, in its subsequent written judgment, the district court added multiple requirements to Conditions Three, Four, and Six that had not

4

been pronounced at sentencing. In his appeal, Rosado challenges the following

seven additions:

**Condition 3:**

- "You must not loiter within 100 feet of places regularly frequented by children under the age of 18, such as schoolyards, playgrounds, and arcades."

- "You must not view and/or access any web profile of users under the age of 18. This includes, but is not limited to, social networking websites, community portals, chat rooms or other online environment (audio/visual/messaging), etc. which allows for real time interaction with other users, without prior approval from your probation officer."

**Condition 4:**

- "[Y]ou must allow the probation officer to conduct initial and periodic unannounced examinations of any Device(s) that are subject to monitoring."

- "You will not utilize any peer-to-peer and/or file sharing applications without the prior approval of your probation officer."

**Condition 6:**

- You must "submi[t] to polygraph testing[.]"

- You must "refrain[] from accessing websites, chatrooms, instant messaging, or social networking sites to the extent that the sex offender treatment and/or mental health treatment program determines that such access would be detrimental to your ongoing treatment."

- "You will not view, access, possess, and/or download any pornography involving adults unless approved by the sex-offender specific treatment provider."

App'x at 40.

## STANDARD OF REVIEW

"[W]hether the spoken and written terms of a defendant's sentence differ impermissibly" presents a question of law that we review *de novo*. *Washington*, 904 F.3d at 207. We generally review an issue of law for plain error where, as here, the defendant has failed to raise the issue in the district court. "But when the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term would be imposed, we will review the issue *de novo* even if the defendant failed to raise an objection in the district court." *Id.*

## DISCUSSION

### I. The Unpronounced Additions to Conditions Three, Four, and Six

Federal Rule of Criminal Procedure 43(a)(3) requires that a defendant be present at sentencing. *See United States v. Sims*, 92 F.4th 115, 125 (2d Cir. 2024). We have interpreted that rule to require that the sentencing court orally pronounce special conditions of supervised release in open court. *Id.* We have

6

been clear "that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the written judgment must be removed." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) (citations omitted); *see also Sims*, 92 F.4th at 125 ("[W]hen there is a conflict between the court's unambiguous oral pronouncement of a special condition and the written judgment, the oral pronouncement controls.").

Our review of the record yields no indication that the district court pronounced at sentencing or otherwise provided adequate notice that the seven additional requirements would be imposed. The government contends that the additions were included in the Presentence Report ("PSR") and that the district court, accordingly, had adopted the PSR's proposed conditions into its sentence. According to the government, the district court "paraphrased the first sentences of these special conditions as they had been described" in the PSR. Appellee's Br. 30. But that is not sufficient. If it were, a defendant would leave his sentencing without the requisite certainty as to which portions of the PSR's proposed conditions were imposed and would be left guessing until he obtained

7

a copy of the subsequent written judgment.[2]  That lack of clarity is exactly what

Rule 43(a)(3) is intended to guard against.  Sentencing must occur in open court

in the defendant's presence.  This requirement affords a defendant and his

counsel an opportunity to obtain a clear understanding of the terms of the

sentence and to object to or seek clarification of its components.

Although we have identified certain circumstances in which conditions of

supervised release need not be orally pronounced, no such circumstances are

present here.  For example, when challenged modifications in the written

judgment add "mere 'basic administrative requirements that are necessary to

supervised release,'" we do not require pronouncement at sentencing.

*Washington*, 904 F.3d at 208 (quoting *Rosario*, 386 F.3d at 169).  We have also

allowed for additions in the written judgment that merely "clarify the terms of

the spoken sentence."  *Id.*  But we do not make such allowances where, as here,

the modifications or additions impose new "burdensome punishments or

---

[2] We have previously suggested that a district court may orally pronounce supervised release conditions by "indicat[ing] that it [will] incorporate the conditions listed in the PSR."  *United States v. Thomas*, 299 F.3d 150, 152 (2d Cir. 2002).  But without delving into what specifically qualifies as sufficient for making a district court's intention to adopt the conditions recommended in the PSR clear to a defendant, we do not believe that the district court clearly indicated its intention to do so here.

restrictions," *Rosario*, 386 F.3d at 168, or where there is "a substantive discrepancy between the spoken and written versions of" the sentence, *Washington*, 904 F.3d at 208. As we explain, the seven additions at issue here should not have been imposed without having been orally pronounced.

For starters, the two written additions to Condition Three significantly restrict Rosado's movement and activity well beyond the pronounced condition's instruction that he is not permitted to have any deliberate contact with children without the permission of the Probation Office. These additions are neither clarifications nor necessary basic administrative requirements. Rather, they impose significant new restrictions on Rosado's liberty.

As to Condition Four, one challenged addition in the written judgment provides that Rosado shall "not utilize any peer-to-peer and/or file sharing applications without the prior approval of [his] probation officer." App'x at 40. The other requires Rosado to "allow the probation officer to conduct initial and periodic unannounced examinations of any Device(s) that are subject to monitoring." *Id.* These additions are not necessary administrative requirements for monitoring Rosado's computer activity. They are substantive add-ons that

9

do significantly more than clarify the version of Condition Four that was pronounced at sentencing.

As to Condition Six, the district court pronounced at sentencing that Rosado must "undergo a sex offense specific evaluation and participate in an outpatient sex offender treatment and/or outpatient mental health treatment program on the standard terms and conditions." App'x at 33. The government contends that the district court's statement at sentencing that Rosado must undergo treatment under the "standard terms and conditions" made clear that all of the requirements recommended in the PSR would be included in the written judgment. We are not persuaded. A reference to "standard terms and conditions"—even to the "standard terms and conditions" of a sex offender treatment program—would not notify a defendant and his counsel of the significant additional restrictions that subsequently appeared in Rosado's written judgment. For instance, such a reference would fail to apprise him that he would not be able to view legal adult pornography or access "websites" or "social networking sites"—which, by these broad terms, would include Google, LinkedIn, or WSJ.com—that his program found detrimental to his treatment. App'x at 40.

Moreover, a reference to "standard terms and conditions" does not make clear to a defendant that he would be required to undergo polygraph testing. In fact, this Court has already held that merely pronouncing that a defendant must participate in a sex offender treatment program does not obviate the need to specifically pronounce at sentencing that such treatment will include polygraph testing. *See Washington*, 904 F.3d at 206-08 (noting that polygraph testing is not a necessary or invariable part of sex-offender treatment). In sum, we are not persuaded that any of these unpronounced additions to Condition Six could be reasonably characterized as merely clarifying terms or basic administrative requirements.

Having found that the challenged additions to the written judgment should have been pronounced at sentencing, we turn to the question of the appropriate remedy. The government argues that we should remand to the district court for the limited purpose of orally pronouncing the challenged additions in Rosado's presence and giving Rosado an opportunity to object. *See* Appellee's Post-Argument Letter Br., *United States v. Rosado*, No. 22-1013, ECF No. 115 (Dec. 22, 2023). In some circumstances, we have granted this or a similar remedy, even though the typical rule is that unpronounced conditions must be

11

stricken from the judgment upon remand. *Compare United States v. Handakas*, 329 F.3d 115, 119 (2d Cir. 2003) *and United States v. DeMartino*, 112 F.3d 75, 81-82 (2d Cir. 1997) *with Washington*, 904 F.3d at 208; *Rosario*, 386 F.3d at 168; *and United States v. Jacques*, 321 F.3d 255, 263 (2d Cir. 2003).[3] However, the government advanced this argument for the first time at oral argument, despite Rosado arguing in his briefing that the unpronounced conditions should be stricken. Accordingly, we decline to now consider the government's request. *See, e.g.*, *United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2000) (declining to consider arguments not raised in parties' appellate briefs).[4] We, therefore, will not diverge from the typical practice of striking unpronounced conditions.

---

[3] *Cf. also United States v. Schultz*, 88 F.4th 1141, 1147 (5th Cir. 2023) ("Because the written judgment and oral pronouncement conflict, we REMAND to the district court to amend the written judgment to conform with the oral announcement."); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam) (remanding to amend written judgment to remove unannounced condition of supervised release).

[4] Moreover, the government fails to show that this is the kind of situation in which this Court has previously granted the remedy that it now seeks. *See, e.g.*, *Handakas*, 329 F.3d at 118-19 (remanding for pronouncement when the challenged condition had been previously properly imposed at the defendant's original sentencing); *DeMartino*, 112 F.3d at 81-82 (declining to conform the written judgment to the orally pronounced sentence where district court had failed to provide an adequate explanation for the sentence and where doing so would potentially result in sentencing error).

We recognize that this decision may, at first glance, appear to be overly formalistic, and striking conditions simply because they were not pronounced at sentencing may seem to be a somewhat drastic remedy. However, the requirement that a district court pronounce a sentence—including the conditions of supervised release—in the presence of a defendant is an important one. As we have observed, sentencing requires courts "to carefully balance the goals of supervised release while remaining mindful of the life-altering effects their judgments have on defendants, their families, and their communities." *Sims*, 92 F.4th at 120. There is rarely a more significant occasion for a defendant or his family than when his sentence is announced in open court. That occasion permits the defendant and counsel not only to hear the sentence, but also to object, to propose changes, or to seek clarification. That opportunity is lost if a defendant does not know what punishments and restrictions he will be subjected to until he later reads the written judgment. Consequently, the pronouncement requirement is not a mere formality; it is an essential component of the sentencing process.

## CONCLUSION

For the reasons set forth above, we **VACATE and REMAND** to the district court with instructions to amend the written judgment to strike all of the challenged portions of Conditions Three, Four, and Six.[5]

---

[5] Because we conclude that the challenged portions of the conditions must be stricken, we need not reach Rosado's remaining arguments as to why these conditions were impermissible.