*United States v. Bartley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-four.

PRESENT:

>  GERARD E. LYNCH,
>  BETH ROBINSON,
>  SARAH A. L. MERRIAM,
>  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>  *Appellee*,

>  v.                                                      No. 21-2898

DARYL BARTLEY,

>  *Defendant-Appellant*,

OLADAYO OLADOKUN, FAROUK KUKOYI, HENRY OGBUOKIRI, AKA HENRIY OGBUOKIRI, BALDWIN OSUJI, JOSHUA HICKS, ANTHONY LEE NELSON, DERRICK BANKS, IBRAHIMA DOUKOURE, JAMAR

SKEETE, YAW PAUL OSEI, JR., KOWAN POOLE, DARREL WILLIAMS, GARNET STEVEN MURRAY-SESAY, AKA STEVEN GARNET MURRAY-SESAY, ANDREW HEAVEN, MUHAMMED BASHORUN, AKA SEALED DEFENDANT 1,[*]

     *Defendants.*

_____

| | |
|---|---|
| FOR APPELLANT: | MEGAN WOLFE BENETT, Kreindler & Kreindler LLP, New York, NY. |
| | |
| FOR APPELLEE: | ALEXANDER LI (Thomas Burnett, Hagan Scotten, *on the brief)*, Assistant United States Attorneys *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *Judge*).  **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 8, 2021 judgment of the district court is **AFFIRMED.**

Defendant-Appellant Daryl Bartley appeals from a November 2021 judgment convicting and sentencing him based on his guilty plea to one count of conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. § 1349. The judgment principally imposes a time-served term of imprisonment and a three-year term of supervised release, with the first 18 months of release to be

---

[*] The Clerk's office is directed to amend the caption as reflected above.

served under home confinement. The judgment includes mandatory, standard, and special conditions of supervision, as recommended by the Probation Department in its Pre-Sentence Investigation Report (PSR).

On appeal, Bartley raises three challenges: 1) the district court erred by imposing standard and special conditions of release without orally pronouncing or justifying them on the record; 2) Special Condition 2, which requires him to submit to a search upon reasonable suspicion, is procedurally and substantively unreasonable; and 3) Standard Condition 7, which requires him to work full time or seek full-time employment unless excused by his probation officer, conflicts with the district court's oral pronouncement at the sentencing hearing.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I.   Oral Pronouncement of Conditions

Federal Rule of Criminal Procedure 43(a)(3) requires a defendant to be present at sentencing. We have recently reiterated that this rule requires "that the sentencing court orally pronounce special conditions of supervised release in open court." *United States v. Rosado*, 109 F.4th 120, 124 (2d Cir. 2024). We have

3

urged district courts to "state the defendant's sentence and to indicate the conditions that accompany it in open court and with appropriate precision." *United States v. Thomas*, 299 F.3d 150, 156 (2d Cir. 2002).[1]  This Court has not yet decided whether a sentencing court may, as here, "pronounce" conditions that are contained in the PSR by simply referencing the PSR.  We need not decide that question here, however, because Bartley expressly agreed that the district court could dispense with reading the conditions detailed in the PSR.  In particular, the district court referenced by general description each of the special conditions, confirmed that Bartley had reviewed all of the proposed conditions in the PSR with his lawyer, and asked if the court could generally refer to those conditions as the "mandatory, standard, and special conditions of supervised release" in lieu of "reading them word for word into the record."  App'x 194-98.  Bartley agreed.  *Id.*  And, when pronouncing the sentence, the court stated that it was imposing those same conditions.  *Id.* 221–22.[2]

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

[2] The special conditions included in the written judgment include two conditions not enumerated in the PSR: Special Conditions 1 and 6.  Special Condition 1 pertains to Bartley serving the first eighteen months of supervised release in home confinement.  The court orally pronounced this condition at the time of sentencing and the condition as written tracks the explanation of the condition offered by the court at the hearing.  Special Condition 6

4

On this record, we conclude that Bartley waived his challenge to the district court's mode of pronouncing the non-mandatory special and standard conditions. *See United States v. Olano*, 507 U.S. 725, 733 (1993) (distinguishing waiver, "the intentional relinquishment or abandonment of a known right," from a failure to timely assert a right).

## II.     Search Condition

Similarly, we find that Bartley waived any challenge to the search condition. At sentencing, the district court confirmed that counsel had reviewed with Bartley the "mandatory, standard, and special conditions" listed in the PSR. App'x 194. The court then briefly described each of the special conditions of release, including the "search condition" that would apply "under certain factual circumstances," and asked counsel whether there were any objections to those special conditions. App'x 194–95. Counsel responded that there were none "given the nature of the offense conduct here." *Id.* at 195. Moreover, after the sentence was pronounced, counsel stated that she might "reconsider [their] consent to the special conditions" in light of some of the district court's

---

recommends that Bartley be supervised in the district of his residence. We have previously held that this condition need not be orally pronounced. *See United States v. Thomas*, 299 F.3d 150, 154 (2d Cir. 2002).

comments, but decided that she "[was] fine" and had "[n]othing further." *Id.* at 227. And the court asked Bartley directly if he had any objections to the special conditions proposed, to which Bartley responded that he did not. *Id.* 197–98. Thus, any challenge to the special conditions ordered—including the search condition—was waived. *See, e.g.*, *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015) (finding waiver "where a party actively solicits or agrees to a course of action that he later claims was error").

### III.    Conflicting Conditions

We agree with Bartley that Standard Condition No. 7 in the written judgment contradicts, in part, the oral sentence pronounced. This written condition requires Bartley to work full time or seek full-time employment during the entirety of his supervised release. The language of the written condition tracks the proposal in the PSR and the "standard" condition in the Sentencing Guidelines. U.S.S.G. § 5D1.3(c)(7). But at the sentencing hearing, the court expressly instructed Bartley not to work during the first eighteen months of his supervised release.

Ordinarily, we would consider remanding for the district court to enter a written judgment that conforms with the sentence orally pronounced. *See United*

6

*States v. Handakas*, 329 F.3d 115, 117 (2d Cir. 2003) (explaining that if there is a conflict between the oral pronouncement and a written judgment, the oral pronouncement "generally controls"). But, after Bartley's case was transferred to the District of Columbia in February 2022, he requested a modification to the conditions of his supervised release to permit him to work.[3] Mot. to Modify Cond. of Release, *United States v. Bartley*, No. 1:22-cr-00058(BAH) (D.D.C. Aug. 4, 2022), Dkt. No. 7. The DC court granted his request and modified the conditions of his release to permit him to "seek and maintain employment." Minute Order, *United States v. Bartley*, No. 1:22-cr-00058(BAH) (D.D.C. Aug. 4, 2022). Accordingly, any conflict between the sentencing court's oral pronouncement and the written judgment no longer exists.[4] Any challenge to Standard Condition No. 7 is moot.

* * *

---

[3] Bartley's case was transferred to the District of Columbia pursuant to 18 U.S.C. § 3605 in February 2022, after a notice of appeal in this case was filed. Though the DC court now has jurisdiction over Bartley's supervision, we retain jurisdiction over the appeal.

[4] There are no pending supervised release violation charges against Bartley based on his actions before the condition was modified, and we infer from the government's argument that none is contemplated.

We have considered Bartley's remaining arguments and conclude that they are without merit. For the foregoing reasons, this district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court