22-1355-cr
*United States v. Arguedas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-five.

Present:

> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                             22-1355-cr

ALEXANDER ARGUEDAS, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Andrew K. Chan, Brandon D. Harper, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Lucas Anderson, Rothman, Schneider, Soloway & Stern, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

Defendant-Appellant Alexander Arguedas appeals from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*) entered on May 25, 2022, sentencing Arguedas to 390 months of imprisonment, to be followed by five years of supervised release. Arguedas pled guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and using and carrying firearms in furtherance of a narcotics conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. Arguedas now appeals, (i) challenging the imposition of a special condition of supervised release requiring him to provide the probation office with access to any requested financial information, and (ii) requesting substitute counsel to challenge the district court's calculation of the Guidelines. We assume the parties' familiarity with our prior opinion in this case. *See United States v. Arguedas*, 134 F.4th 54 (2d Cir. 2025).

### I. Special Conditions

As the parties agree, the district court's oral pronouncement of the special conditions regarding access to Arguedas's financial information and restrictions on his ability to open new lines of credit differed from the conditions as they appear in the written judgment. At sentencing, the district court conditioned these special conditions on the later imposition of a restitution obligation. *See* App'x 132–34 ("[I]n addition[,] if restitution[] is imposed[,] . . . [u]nless and until you satisfy your restitution obligations, you must provide the probation officer with access to any

requested financial information, and you must not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless you have satisfied your financial obligations."). The written judgment, however, does not contain the caveat that these conditions apply only "if restitution is imposed." It is well-established that "in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004); *see also United States v. Rosado*, 109 F.4th 120, 124–25 (2d Cir. 2024). We therefore vacate the conditions and direct the district court to enter a corrected judgment conforming the special conditions of the written judgment to the oral pronouncement. Given that a restitution obligation was never imposed on Arguedas, these two conditions (as amended) will never take effect. Accordingly, we decline to consider Arguedas's remaining arguments challenging either condition, which are rendered entirely academic.

## II.     Guidelines Calculation

Arguedas also requests that this Court appoint him replacement counsel or permit him to file a *pro se* brief challenging the district court's calculation of the Guidelines. As an initial matter, Arguedas is not entitled to substitute counsel, particularly where we have already replaced counsel once. A defendant does not have an unlimited right to cycle through replacement appointed counsel. *See United States v. Culbertson*, 670 F.3d 183, 192–93 (2d Cir. 2012). And in any case, such an appeal would be frivolous because Arguedas's proposed challenge is barred by his appellate waiver. *See* App'x 95–97. For the reasons already stated by our Court in its prior opinion, the record establishes that there are no non-frivolous issues to consider on appeal, apart from the two special conditions we address above. We therefore decline his request.

*        *        *

3

We have considered Arguedas's remaining arguments and find them to be unpersuasive. Accordingly, the judgment of the district court is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
