23-6482
*United States v. Valdez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-four.

Present:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                23-6482

MICHAEL VALDEZ, AKA BIGGA,

> *Defendant-Appellant.* *

---

FOR DEFENDANT-APPELLANT:          ANDREW H. FREIFELD, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR APPELLEE:                               DAVID J. ROBLES (Sarah L. Kushner & Olga
                                            I. Zverovich, *on the brief*), *for* Damian
                                            Williams, United States Attorney for the
                                            Southern District of New York, New York,
                                            NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, except as to the special condition pertaining to adult pornography, and **REMANDED** with instructions to amend the written judgment to strike that special condition.

Petitioner Michael Valdez pleaded guilty to sex trafficking a minor, in violation of 18 U.S.C. § 1591. He received a 156-month term of imprisonment, with five years of supervised release. The oral sentencing imposed special conditions on Valdez's supervised release, including a prohibition against "deliberate contact with any child under 18 years of age unless approved by the probation office, with the exception of your children." App'x at 177. And the written judgment added a special condition that prohibits Valdez from viewing adult pornography without approval by a sex-offender treatment provider. Valdez now challenges both of these special conditions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court retains wide latitude in imposing conditions of supervised release, and we therefore review a decision to impose a condition for abuse of discretion." *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008). "When the defendant does not object to the conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122

2

(2d Cir. 2010). "But plain error review is not always warranted in the sentencing context," so "we have employed a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015).

"A sentencing court may impose special conditions that are reasonably related to 'the nature and circumstances of the offense and the history and characteristics of the defendant'; 'the need for the sentence imposed to afford adequate deterrence to criminal conduct'; 'the need to protect the public from further crimes of the defendant'; and 'the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,' and which 'involve no greater deprivation of liberty than is reasonably necessary' for these purposes." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (citing U.S.S.G. § 5D1.3(b)).

## I.      The Special Condition Restricting Contact with Minors

Valdez asks that we vacate the special condition restricting his contact with minors, arguing that it lacks an adequate explanation, bears no reasonable relationship to the purpose of supervised release, and is both overbroad and vague. He further contests the government's argument that he failed to object to this special condition at sentencing. But whether we review for abuse of discretion or plain error, we find no defect in the district court's decision.

In sentencing Valdez, the district court thoroughly reviewed the 18 U.S.C. § 3553(a) factors. As to the nature of the offense, it emphasized that "[t]he criminal conduct here was extremely serious," and it detailed how Valdez—"the most culpable of those involved in this case"— "beat up the victim, he threatened her, held her against her will, and terrorized her in ways

3

that were horrifying." App'x at 174. As to Valdez's criminal record, the district court noted that his "history does include conduct involving sex with another minor and multiple orders of protection, which are troubling facts." *Id*. As to mitigating factors, it accounted for Valdez's "difficult upbringing," the "harsh[]" conditions of his detainment, and "letters show[ing] that he has family members and friends who care about him." *Id*. at 174–75. And as to deterrence, the district court found that the "seriousness of this conduct cannot be overstated," that "[t]he purpose of sentencing require[s] a very serious sentence," and that Valdez's "culpability . . . outweigh[s] the fact that he pled guilty." *Id*.

Valdez claims that the district court erred by not repeating its justifications for each special condition. But district courts need not "undertake a separate recitation of the basis for each part of the sentence imposed." *United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021). "All that we require is that the district court 'identify the consideration or considerations driving the selection of the sentence,'" as we "generally understand that explanation to apply to the sentence as a whole." *United States v. Walter*, 848 F. App'x 479, 480 (2d Cir. 2021) (quoting *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020)). Here, the district court did just that. Moreover, it is "self-evident," *Betts*, 886 F.3d at 202 (cleaned up), that the special condition serves to deter Valdez from continuing to "terrorize[]" minors, App'x at 174.

Valdez's overbreadth and vagueness challenges fare no better. The special condition prohibits only *deliberate* contact with minors, not any possible interaction. We recently upheld the imposition of *more* restrictive special conditions that "prohibit[ed] [the defendant] from having 'direct contact with any child he knows or reasonably should know to be under the age of 18 without the permission of the probation officer' and require[d] him to report within 24 hours any

4

such contact he does have," and "prohibit[ed] [defendant] from going to or remaining at 'any place where he knows children under the age of 18 are likely to congregate, including parks, schools, playgrounds, and childcare facilities without the permission of the probation officer.'" *United States v. Bullock*, No. 23-7341, 2025 WL 2423493, at *9 (2d Cir. Aug. 22, 2025) (cleaned up). And here the district court modified the scope of the special condition in an effort to avoid unnecessary interference with Valdez's rights. Not only did the district court allow Valdez to have contact with his children, but it also removed the bulk of the PSR's other recommendations for the condition. One such recommendation banned "loiter[ing] within 100 feet of places regularly frequented by children under the age of 18, such as schoolyards, playgrounds, and arcades." Appellant's Br. at 10. Another forbade "view[ing] and/or access[ing] any web profile of users under the age of 18," including "social networking websites, community portals, chat rooms or other online environment (audio/visual/messaging), etc. which allows for real time interaction with other users, without prior approval from your probation officer." *Id.* The district court thus narrowly tailored the limits on Valdez's contact with minors.

Finally, Valdez's reliance on *United States v. Bleau*, 930 F.3d 35 (2d Cir. 2019), is misplaced. In that case, we vacated a special condition "that broadly prohibit[ed] . . . direct contact with minors without first obtaining permission from [a] probation officer." *Id.* at 38. But that was because the district court did not "adequately explain" its reasoning and because the defendant "was not alleged to have engaged in, or attempted to engage in, inappropriate contact with minors." *Id.* at 43. Here, the district court carefully weighed the relevant factors and explained how they impacted Valdez's sentence. Moreover, unlike the defendant in *Bleau*, who was convicted of receiving and possessing child pornography, Valdez engaged in "brutal" conduct

5

with the sixteen-year-old victim—sleeping with her, prostituting her, beating her, posting nude photographs of her—*and* has a prior conviction for endangering the welfare of another minor with whom he had sex.   App'x at 175.   As *Bleau* recognized, "there may be reasonable arguments to support the imposition of this special condition" in other cases.   930 F.3d at 43.   This is such a case.

In sum, the district court did not abuse its discretion—let alone plainly err—in imposing this special condition.

## II.   The Special Condition Prohibiting Adult Pornography

"It is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls," and "any burdensome punishments or restrictions added in the written judgment must be removed."   *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004).   When such variation exists, "the typical rule is that unpronounced conditions must be stricken from the judgment upon remand."   *United States v. Rosado*, 109 F.4th 120, 126 (2d Cir. 2024).

Here, the written judgment included a supervised release condition prohibiting viewing or downloading adult pornography.   But the district court did not orally pronounce any such condition.   In light of that discrepancy, "the proper remedy is to remand for amendment of the written judgment."   *United States v. Peguero*, 34 F.4th 143, 165 (2d Cir. 2022) (cleaned up).

\*     \*     \*

We have considered all of Valdez's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**, except as to

the special condition pertaining to adult pornography, and **REMANDED** for amended judgment as to that special condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7