*United States v. Granados-Corona*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                No. 22-2323

EFRAIN GRANADOS-CORONA, AKA CHAVITO, AKA CEPILLO,[*]

> *Defendant-Appellant.*

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| For Defendant-Appellant: | Jeremiah Donovan, Old Saybrook, CT. |
|---|---|
| For Appellee: | Jacqueline C. Kelly, Elinor Tarlow, Nathan Rehn, Assistant United States Attorney, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 15, 2022 judgment of the district court is **AFFIRMED**.

Efrain Granados-Corona appeals from a judgment of conviction following his guilty plea to one count of sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. §§ 2 and 1591(a), (b)(1), and (b)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision below.

From 2007 until at least 2011, Granados-Corona was a senior member of an international sex trafficking organization that used force, fraud, and coercion to traffic adult women and minors into commercial sex work in Mexico and the United States. During that time, Granados-Corona duped and coerced women to

become sex workers, paid for them to be smuggled into the United States, and maintained the residences that the women stayed at in the United States. The women were isolated, forbidden to communicate with each other, and often coerced through rape and other acts of violence – sometimes perpetrated by Granados-Corona himself – to continue to engage in commercial sex work. The women were forced to give everything they earned to the organization; Granados-Corona frequently strip-searched the women to ensure that they had not attempted to withhold money, and on at least one occasion he beat and raped one of the victims after he discovered that she had tried to hide money from him.

On November 1, 2019, Granados-Corona pleaded guilty pursuant to a plea agreement with the government in which he acknowledged trafficking three victims in the United States and stipulated to a Guidelines range of 235 to 293 months' imprisonment, with a mandatory minimum term of 180 months' imprisonment. In advance of Granados-Corona's sentencing, the Probation Office prepared a presentence investigation report ("PSR"), which recommended several special conditions of supervised release. As relevant here, the PSR recommended a condition permitting Probation to conduct a search of Granados-Corona's person, residence, and effects, including electronic devices, upon

reasonable suspicion that he had violated his conditions of supervised release or engaged in further unlawful conduct.

On September 15, 2022, Granados-Corona appeared for sentencing. The district court confirmed that the defense had no objections to the PSR, and adopted the factual findings and Guidelines range set forth therein. The district court then imposed a Guidelines sentence of 212 months' imprisonment, imposed a five-year term of supervised release, and signed an order of judicial removal in light of Granados-Corona's lack of legal immigration status.

With respect to the conditions of supervised release, the court imposed the mandatory conditions required by statute (and set forth in the PSR), the standard conditions set out in the United States Sentencing Guidelines (and repeated in the PSR), and several special conditions that were also included in the PSR. As to the special search condition, the court orally pronounced: "I will impose the search condition as set forth in the [PSR]," requiring Granados-Corona to "submit his person and any property to a search by any United States probation officer, and if needed, with the assistance of any law enforcement." App'x at 164. Granados-Corona did not object to this search condition at sentencing. After orally pronouncing the sentence, the district court entered a written judgement that

4

contained the special condition almost exactly as phrased in the PSR. *Id.* at 102. Granados-Corona now appeals that condition of supervised release, arguing that the district court erred by imposing in its written judgment a special condition of supervised release that was not orally pronounced at sentencing.

The question of "'[w]hether the spoken and written terms of a defendant's sentence differ impermissibly' presents a question of law that we review *de novo*." *United States v. Rosado*, 109 F.4th 120, 123 –24 (2d Cir. 2024) (quoting *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018)). We have confirmed that where a special condition is included in the PSR, the district court may impose that condition by "expressly adopt[ing] or specifically incorporat[ing] by reference [the condition in the PSR]" during sentencing and then confirming its imposition in the written judgement. *United States v. Maiorana*, -- F.4th --, No. 22-1115-CR, 2025 WL 2471027, at *6 (2d Cir. Aug. 28, 2025) (en banc).

As in *Maiorana*, the special condition here was included in the PSR, which defense counsel confirmed he had reviewed with Granados-Corona. No objections were raised regarding the contents of the PSR by Granados-Corona. The district court then explicitly referenced the special condition during sentencing, stating that it would "impose the search conditions as set forth in the

presentence report," and also summarized the condition orally.   App'x at 164; *see United States v. Robinson*, 134 F.4th 104, 109 (2d Cir. 2025).   Because the district court properly pronounced the special condition of supervised release by "expressly adopt[ing]" the special condition "set forth in writing and made available to defendant in the PSR," *Maiorana*, 2025 WL 2471027, at *6, and because Granados-Corona had the opportunity to obtain a "clear understanding of the terms of the sentence and to object to or seek clarification of its components," we find no "substantive discrepancy between the spoken and written versions of the sentence," *Rosado*, 109 F.4th at 125.   We therefore see no error in the district court's oral pronouncement of the special search condition.

<p align="center">*     *     *</p>

We have considered Granados-Corona's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 50%;">
FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
</div>