*United States v. Brazoban*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                  24-2662

CHRISTIAN BRAZOBAN, AKA BISON,

*Defendant-Appellant.*

---

FOR APPELLEE: Bradley T. King, Assistant United States Attorney, (Dylan A. Stern, Assistant United States Attorney, *on the brief)*, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On January 31, 2024, Christian Brazoban pleaded guilty under a plea agreement to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Before sentencing, the district court provided Brazoban with a three-page memorandum setting out the special conditions of supervised release it intended to impose at sentencing. The memorandum contained two typographical errors—namely, the addition of two repeated lines in Special Condition 6 and the omission of one line in Special Condition 8. The Presentence Investigation Report ("PSR") contained the same list of special conditions without those errors. On September 25, 2024, the district court sentenced Brazoban principally to a term of 151 months' imprisonment and five years' supervised release. At sentencing, the district court indicated that it would impose the special conditions of supervised release set forth in the memorandum it provided to Brazoban before the hearing. It then entered a written judgment that contained the special conditions in the memorandum without the two typographical errors. On appeal, Brazoban argues that the district court erred by imposing the special conditions in the written judgment without orally pronouncing them at sentencing to ensure his understanding of the conditions. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

As an initial matter, we disagree with the government's position that Brazoban waived his challenge by failing to object to the district court's pronouncement when given the opportunity to do so. Although a defendant's *intentional* decision not to raise a claim in the district court

2

extinguishes that claim on appeal, an unintentional failure to raise a claim—"in most instances due to mistake or oversight"—does not. *United States v. Williams*, 930 F.3d 44, 64-65 (2d Cir. 2019) (quoting *United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015)) (distinguishing between a "true waiver" and a "forfeiture"). Here, Brazoban's counsel did not affirmatively agree to the district court's manner of pronouncing the sentence. *Cf. United States v. Leavens*, No. 23-7993-cr, 2025 WL 387810, at *2 (2d Cir. Feb. 4, 2025) (summary order). Nor did counsel "decline[] the district court's invitation to read aloud a condition of supervised release referenced in the [memorandum]." *United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025). At most, counsel failed to raise the issue when asked whether there was "[a]nything else with the special conditions." App'x at 62. That alone does not demonstrate that he intentionally waived the issue—it is just as plausible, for example, that he did not realize the objection was available. Because the record does not indicate that Brazoban's failure to object to the district court's pronouncement was an intentional decision, we proceed to review his claim on appeal.

Both the Constitution and Federal Rule of Criminal Procedure 43(a)(3) grant criminal defendants the right to be present during sentencing. *See United States v. Maiorana*, 153 F.4th 306, 310 (2d Cir. 2025) (en banc). "The right to presence generally requires that the terms of a defendant's sentence be orally pronounced by the court in the defendant's presence at the sentencing proceeding." *Id.* "This requirement affords a defendant and his counsel an opportunity to obtain a clear understanding of the terms of the sentence and to object to or seek clarification of its components." *United States v. Rosado*, 109 F.4th 120, 124 (2d Cir. 2024). That is why "in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the

written judgment must be removed." *Id.* at 124-25 (quoting *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004)). "Whether the spoken and written terms of a defendant's sentence differ impermissibly is a question of law that we review *de novo*." *Maiorana*, 153 F.4th at 309 (cleaned up).[1]

Recently, in *Maiorana*, we held that a district court may "expressly adopt or specifically incorporate by reference particular conditions that have been set forth in writing and made available to the defendant," rather than "read the full text of every condition on the record." 153 F.4th at 314 & n.11; *see also Robinson*, 134 F.4th at 110. That is precisely what the district court did here, the typographical errors notwithstanding. Before sentencing, the district court provided Brazoban with a written notice setting forth special conditions of supervised release and, at sentencing, it expressly indicated that it would impose those conditions. It also confirmed that counsel had reviewed those conditions with Brazoban; that Brazoban understood the conditions; and that Brazoban had no further questions about them. The same special conditions were also listed without the two typographical errors in the PSR, which counsel confirmed that he reviewed with Brazoban before the sentencing hearing and which the district court referenced at sentencing.

---

[1] When a defendant "has notice that a condition of supervised release will be imposed and fails to object in the district court, our review is for plain error." *United States v. Robinson*, 134 F.4th 104, 109 (2d Cir. 2025). But if the conditions in the written judgment "were never stated or clearly referenced by the District Court," then a defendant necessarily "had no opportunity to object to them at the sentencing hearing or, indeed, at any time before the entry of the written judgment," and de novo review is appropriate. *Maiorana*, 153 F.4th at 310.

Here, Brazoban does not necessarily assert that he had no notice of the conditions; he argues that "notice to this defendant was *insufficient*" and that "[t]he District Court's procedure was inadequate" because of Brazoban's learning deficiencies, such that "it was all the more important to make certain that Brazoban really understood the conditions of his sentence." Appellant's Br. at 13–14 (emphasis added). But he also argues for a "relaxed form of plain error review," and that "[t]he conditions in the judgment differ from those in the memorandum upon which the Court relied at sentencing." *Id*. at 13, 15; *see also* Appellee's Br. at 12-13 (arguing for ordinary plain error review). Regardless of which standard of review applies here, Brazoban's challenge fails because the district court did not err in its pronouncement of the special conditions of supervised release. *See Robinson*, 134 F.4th at 109–10.

4

App'x at 43. Brazoban was thus not deprived of the "opportunity to obtain a clear understanding of the terms of the sentence and to object to or seek clarification of its components" and we discern no "substantive discrepancy between the spoken and written versions of the sentence." *Rosado*, 109 F.4th at 124-25 (cleaned up).

Brazoban nevertheless contends that the errors in the memorandum provided by the district court mean that "[t]he conditions in the judgment differ from those in the memorandum upon which the Court relied at sentencing." Appellant's Br. at 15. But a written judgment impermissibly differs from the district court's oral pronouncement only when there is a "*substantive* discrepancy" between the two. *Rosado*, 109 F.4th at 125 (emphasis added) (quoting *United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018)); *see also Leavens*, 2025 WL 387810, at *2 (noting that minor stylistic differences between the oral pronouncement and written judgment do not constitute a substantive discrepancy). Here, the written judgment did not impose a more burdensome punishment than the one specified in the memorandum, or otherwise substantively alter the terms of Brazoban's supervised release. *See Robinson*, 134 F.4th at 109-10. The first corrected error deleted two repeated lines in Special Condition 6, which removed pure surplusage, and the second corrected error added two lines in Special Condition 8, which noted that the failure to provide certain information may be grounds for revocation of release and that Brazoban would permit Probation to access and search accounts using his credentials. Moreover, the conditions in the written judgment without errors matched the conditions as they appeared in the PSR. And in any event, we explicitly permit modifications in the written judgment when they merely "clarify the terms of the spoken sentence." *Id.* (quoting *Rosado*, 109 F.4th at 124). The district court's written judgment did just that—it reproduced the conditions set forth in

5

the memorandum while correcting typographical errors. The written judgment did not impermissibly differ from the district court's oral pronouncement at sentencing.

*     *     *

We have considered all of Brazoban's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court