23-8022-cr
*United States v. Robinson*

# United States Court of Appeals
# For the Second Circuit

---

August Term 2024
Argued: October 25, 2024
Decided: April 14, 2025

No. 23-8022-cr

---

UNITED STATES OF AMERICA

*Appellee,*

*v.*

DARRELL ROBINSON,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of New York
No. 1:22-cr-403-1, Frederic Block, *Judge.*

---

Before:     Livingston, *Chief Judge*, Leval, and Nathan, *Circuit Judge*s.

Defendant-Appellant Darrell Robinson appeals from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*) sentencing him to 50 months' imprisonment and three years of supervised release for his conviction on a charge of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g).  On appeal, Robinson argues that a special condition of supervised release allowing for the search of his electronic devices must be vacated because it was (1) not orally pronounced at sentencing; (2) procedurally unreasonable; and (3) overbroad in violation of the Fourth Amendment.  We conclude that none of Robinson's challenges prevail.  Accordingly, we **AFFIRM** the judgment of the district court.

————

DANIEL HABIB (Colleen P. Cassidy, *on the brief*), Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant*.

SEAN FERN (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

————

NATHAN, *Circuit Judge*:

Defendant-Appellant Darrell Robinson was convicted, after a guilty plea, of one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g). At sentencing, the district court imposed a term of 50 months' imprisonment and three years of supervised release. The court also imposed a special condition of supervised release, which requires Robinson to submit to searches of his person, property, residence, vehicle, and electronic devices upon reasonable suspicion of a violation of a condition of supervision.

On appeal, Robinson challenges the portion of the special search condition pertaining to his electronic devices, arguing that it was not orally pronounced, that it is procedurally unreasonable, and that it violates his Fourth Amendment rights. We reject these arguments and **AFFIRM** the judgment of the district court.

## BACKGROUND

On August 8, 2022, law enforcement officers stopped and searched Defendant-Appellant Darrell Robinson's vehicle pursuant to a search warrant. The officers had learned that Robinson would be transporting guns and cash from South Carolina to a firearms sale in Queens, New York.

The search revealed a bag containing six firearms, including: (1) a Smith & Wesson .380 caliber pistol; (2) a Taurus 9mm pistol; (3) a Bersa .380 caliber pistol; (4) a Springfield Armory 9mm pistol; (5) a Smith & Wesson 9mm pistol; and (6) a Smith & Wesson .22 caliber rifle. In a post-arrest statement, Robinson denied knowing where the firearms came from or that they were there.

3

On April 12, 2023, Robinson pled guilty to a single-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Approximately five months later, the U.S. Probation Office issued its final Presentence Investigation Report (PSR). The PSR described the offense conduct and detailed Robinson's extensive criminal history, which included nine prior adult criminal convictions. Between 2010 and 2019, Robinson was convicted of aggravated assault, burglary, and several theft and traffic offenses. Three of these convictions involved the use of firearms. In 2010, Robinson was convicted of aggravated assault due to his role in planning a shooting in which his co-defendants shot multiple times toward the intended victim. In 2018, he was convicted of being an accessory-after-the-fact to first-degree burglary for breaking into a victim's home and stealing, among other things, numerous firearms. And in 2019, Robinson was convicted of attempted armed robbery after he and two co-defendants robbed two delivery workers at gunpoint. These convictions placed Robinson in a Criminal History of Category VI under the U.S. Sentencing Guidelines.

Probation calculated the applicable Guidelines sentence to be 63 to 78 months but recommended 60 months of incarceration. It also recommended three years of supervised release with the following special condition:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office to a search

4

conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Appellant's Br. at 6-7.

Robinson did not object to this search condition in his sentencing submission.

At sentencing, the district court confirmed that Robinson and his counsel had reviewed and discussed the PSR and that the defense had no objections to it. He then adopted the factual information from the PSR without modification and stated that he would rely on the PSR. After considering Robinson's criminal history, upbringing, and family circumstances, the court sentenced Robinson to a term of 50 months of imprisonment, followed by a three-year term of supervised release. This sentence factored in a four-level sentencing enhancement for trafficking in firearms and a Guidelines range of 92 to 115 months, which the court applied at the Government's request.

As to conditions of supervised release, the district court stated, "Certainly the special condition of search is obviously indicated here." App'x at 92. No objection was made nor clarification sought.

5

The court entered a written judgment that contained the special search condition exactly as phrased in the PSR. After entry, Defense counsel moved to correct the judgment by removing the search condition as to Robinson's "computers . . ., [and] other electronic communications or data storage devices or media." App'x at 111. Robinson objected to this portion of the special condition on the ground that it was "not order[ed]" at sentencing. *Id.* The district court denied the motion, finding that the court had "met its obligation to orally impose the special condition . . . by its clear reference" to the PSR. App'x at 117.

Robinson timely appealed.

## DISCUSSION

Robinson raises three challenges to the electronic search portion of the special condition of supervised release imposed at sentencing. He argues that the special electronic search condition must be stricken because (1) it was not orally pronounced at sentencing; (2) the district court did not state its reasons for imposing the condition; and (3) the condition deprives him of his Fourth Amendment liberties. We disagree.

## I. Adequacy of the Pronouncement

Robinson first argues that the special electronic search condition must be vacated because it was not orally pronounced. He contends that the district court "orally imposed only a *general* 'search condition,'" not an *electronic* search condition. Appellant's Reply Br. at 7 (emphasis added). That argument rests on the premise that the court did not clearly communicate its intent to impose the full search

6

condition recommended in the PSR because its pronouncement (1) did not mention the PSR, and (2) was too vague to be understood as extending to Robinson's electronic devices. We reject that premise for the following reasons.

"We generally review the imposition of conditions of supervised release for abuse of discretion." *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019). Since "any error of law necessarily constitutes an abuse of discretion," "[w]hen a challenge to a condition of supervised release presents an issue of law," our review is *de novo. Id.* (quotation marks omitted). "[W]hether the spoken and written terms of a defendant's sentence differ impermissibly" is a question of law. *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018). Accordingly, our review of a preserved objection to any such asserted discrepancy is *de novo. Id.*

If, however, a defendant has notice that a condition of supervised release will be imposed and fails to object in the district court, our review is for plain error. *See Washington*, 904 F.3d at 207-08. "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rivera*, 115 F.4th 141, 147 (2d Cir. 2024). If these three prongs are met, we may remedy the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Although Robinson contends that he lacked sufficient notice of the electronic search condition, the condition was included in the PSR, which defense counsel confirmed she had reviewed with Robinson. Despite this, Robinson, through counsel, stated that he had no objections to the PSR. Nor did he object to the court's pronouncement

7

of the search condition at sentencing. Instead, Robinson contends that his post-sentencing motion to correct the judgment is sufficient to preserve his objection. We need not decide that question. Since we see no error in the district court's pronouncement of the special condition of supervised release, Robinson's challenge fails under either standard of review.

"Both the Constitution and the Federal Rules of Criminal Procedure grant a criminal defendant the right to be present during sentencing." *United States v. Jacques*, 321 F.3d 255, 262-63 (2d Cir. 2003) (citing *United States v. A-Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999), and FED. R. CRIM. P. 43(a)). That right generally requires district courts to pronounce special conditions of supervised release in open court. *See United States v. Sims*, 92 F.4th 115, 125 (2d Cir. 2024); *Jacques*, 321 F.3d at 263. Accordingly, "when there is a conflict between the court's unambiguous oral pronouncement of a special condition and the written judgment, the oral pronouncement controls." *Sims*, 92 F.4th at 125. In that scenario, we typically remand for the district court to strike "any burdensome punishments or restrictions added in the written judgment." *United States v. Rosado*, 109 F.4th 120, 124 (2d Cir. 2024). We have suggested, however, that a district court may impose special conditions of supervised release by clear and unambiguous reference to conditions listed in the PSR. *See United States v. Thomas*, 299 F.3d 150, 152, 155 (2d Cir. 2002).

At Robinson's sentencing, the district court pronounced the special condition of search by clearly, albeit implicitly, referencing the PSR, and then confirmed its imposition in the written judgment. Although the court did not *expressly* cite to the PSR in imposing the

8

special condition, it adopted the factual information from the PSR earlier in the sentencing proceeding and expressed its intention to rely on the PSR. The search condition, moreover, was the *only* special condition of supervised release recommended in the PSR. No other special conditions were recommended by the government or otherwise raised at sentencing. Against this backdrop, the court's statement that "the special condition of search is obviously indicated here" was clearly alluding to the sole special search condition in the PSR. App'x at 92. There was simply no other special condition that the court could have been referencing.

Nor was there any indication that the district court was referencing anything other than the *entirety* of the condition in the PSR, including the search of electronics.[1] It was not the case, for example, that the court mentioned the search of Robinson's person, property, residence, or vehicle while omitting his electronic devices. *See, e.g.*, *United States v. Leyva*, No. 22-202, 2023 WL 5024723, at *1 (2d Cir. Aug. 4, 2023) (remanding for the district court to clarify which special condition it intended to impose in such a case).

Indeed, there is no "substantive discrepancy between the spoken and written versions of the sentence." *Rosado*, 109 F.4th at 125 (quotation marks omitted); *cf., e.g.*, *id.* at 123, 126 (remanding where the district court added multiple requirements that had not been

---

[1] Robinson's argument that the district court's reference to "the search condition" was too "opaque" to communicate that an *electronic* search condition was being imposed hinges in part on the assumption that the need for such a condition was not apparent because Robinson was neither convicted of a sex offense nor of an offense involving the use of electronic devices. Appellant's Br. at 20. Since this assumption overlaps with Robinson's procedural reasonableness challenge, we address—and reject—it in the following section.

pronounced at sentencing to three special conditions); *Washington*, 904 F.3d at 207-08 (remanding where the district court had orally pronounced some, but not all, terms of a particular special condition and then added a term in the judgment that was recommended by Probation but was not mentioned during sentencing); *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) (remanding where the written judgment required court approval for an exemption to a special condition to apply but the oral ruling required no such approval); *Thomas*, 299 F.3d at 152, 154 (remanding where the district court did not set forth a special condition during the sentencing hearing, "nor . . . indicate that it would incorporate the conditions listed in the PSR" and then included the condition in the written judgment). The written judgment here, therefore, did not impermissibly modify the oral ruling, but rather served to "clarify the terms of the spoken sentence." *Rosado*, 109 F.4th at 124.

Accordingly, we find that the district court did not err in pronouncing the special electronic search condition.

## II.     Procedural Reasonableness

Robinson next argues that the special electronic search condition should be stricken because the district court did not state its reasons for imposing the condition. He contends that the condition is not supported by the record because he has not been convicted of a sex offense or of any offense involving the use of a computer or other electronic device. We reject this argument.

Even assuming that Robinson's claim had been properly preserved and subject to an abuse of discretion standard of review, *see Sims*, 92 F.4th at 122, Robinson's challenge would fail.[2]

"[F]or the imposition of special conditions of supervised release to be procedurally reasonable, a district court must make an individualized assessment . . . and state on the record the reason for imposing [the condition]." *Sims*, 92 F.4th at 123 (cleaned up). At its core, the procedural reasonableness inquiry seeks to ensure that the district court has "properly accounted for the factors that constrain its sentencing discretion." *United States v. Kunz*, 68 F.4th 748, 759 (2d Cir. 2023). Thus, the court must "make findings specific to the defendant, connecting those findings to the applicable § 3553(a) factors," such as the nature of the offense and the history and characteristics of the defendant. *Sims*, 92 F.4th at 123. The court must also consider whether a special condition will impact a cognizable liberty interest and, if so, make "particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." *Id.* at 124-25. The failure to articulate this reasoning on the record is error. *See United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

But even in the absence of an explanation, we may still uphold a condition if "the district court's reasoning is self-evident in the

---

[2] We assume, without deciding, that if Robinson's post-sentencing motion to correct the judgment were sufficient to preserve his oral pronouncement challenge, it would also be sufficient to preserve his procedural unreasonableness challenge. *See United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019) (explaining that "if a defendant objects at a sentencing hearing in a manner which fairly alerts the court and opposing counsel to the nature of the claim, the objection is sufficient to preserve the argument on appeal, even if the defendant fails to raise a specific rationale for the objection" (cleaned up)).

11

record." *Betts*, 886 F.3d at 202 (quotation marks omitted). When the reason for a special condition "is self-evident in the record . . . and the condition[] meet[s] the purposes of supervised release," any error in this respect is harmless. *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004).

Here, there is no question that the district court erred in failing to conduct an individualized assessment when imposing the special search condition. However, given Robinson's extensive history of recidivism and his dishonesty with law enforcement officers, we find that the need for this special condition is self-evident on the record.

Robinson's criminal history is prolific. As the record shows, he has accumulated nine criminal convictions before the age of 30. And, importantly, he committed the instant offense while under post-release supervision. The district court stressed this history at sentencing, noting Robinson's high risk of recidivism, the need for individual deterrence, and the threat to public safety.

The record also reflects that Robinson lied to the police in his post-arrest statement when he denied knowledge of the presence or provenance of the firearms in his vehicle. Viewed in light of his criminal history, Robinson's dishonesty speaks to his willingness to use deceit to conceal criminal conduct, and so casts further doubt on his ability to deal in good faith with law enforcement while on supervised release.

Under these circumstances, the special search condition, including of Robinson's electronics, is necessary for ensuring the effectiveness of supervision. Indeed, it operates as an important means for enforcing the court's other conditions and enabling the

12

detection of evidence of supervised release violations. For these reasons, the condition is reasonably related to Robinson's history and characteristics, and it meets the purposes of supervised release.[3]

Although the justification for electronic search portion of the condition would be even more apparent if Robinson's convictions involved sex offenses or the use of electronics, *see* U.S.S.G. § 5D1.3(d)(7)(C) (recommending electronic search conditions for those convicted of sex offenses); *United States v. Thomas*, 827 F. App'x 72, 75 (2d Cir. 2020) (noting that "[w]e have frequently approved of [electronic search] conditions where the conduct underlying a conviction or prior conviction has involved the use of computers or other electronic devices"), we have never held that an electronic search term would only be appropriate in those circumstances.[4] We conclude on the present facts that the justification for imposition of the condition is self-evident on the record.[5]

---

[3] To the extent that Robinson further asserts that the special search condition was so restrictive as to require an on-the-record justification, we reject that assertion. For the reasons explained in Part III, we do not believe that the condition imposes such an onerous burden on Robinson's Fourth Amendment liberties so as to render the self-evident rationale insufficient justification. *Cf. Kunz*, 68 F.4th at 762 (finding that, "in the absence of any showing" of a "sufficiently onerous burden" on the supervisee's liberty, the "self-evident rationale" supported a special condition requiring him to bear the costs of his computer monitoring restrictions).

[4] Indeed, both electronic and non-electronic search conditions are often crucial for ensuring the effectiveness of supervision; on the facts of this case, we see no reason to treat one more stringently than the other.

[5] Neither *United States v. Jimenez*, No. 22-1022-CR, 2024 WL 1152535 (2d Cir. Mar. 18, 2024) (summary order), nor *United States v. Morrishow*, No. 23-7622-CR, 2024 WL 4690524 (2d Cir. Nov. 6, 2024) (summary order), on which Robinson relies, suggest the opposite conclusion. Although the district court's reasoning for imposing an electronic search condition was not self-evident on the record in those cases, Robinson has accumulated more prior adult criminal convictions than either of those defendants and lied to law enforcement following his arrest, which distinguishes his case.

13

Therefore, the district court's failure to state its reasons for imposing the challenged special condition is harmless error.

## III.    Fourth Amendment

Robinson's final argument challenges the constitutionality of the electronic search condition, which he contends deprives him of his Fourth Amendment liberties.[6]  We are unpersuaded.

Once again, we assume that Robinson's challenge was preserved and subject to an abuse of discretion standard.  *See Boles*, 914 F.3d at 111.  We also note that "where a condition of supervised release implicates a constitutional right, we conduct a more searching review in light of the heightened constitutional concerns" at issue.  *United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024) (cleaned up).  In any event, given his reduced expectation of privacy while on supervised release, we hold that the special electronic search condition, which requires reasonable suspicion, does not deprive Robinson of any Fourth Amendment liberties.

The Fourth Amendment guards "against unreasonable searches and seizures."  U.S. CONST. AMEND. IV.  A search generally is unreasonable "unless it is accomplished pursuant to a judicial warrant issued upon probable cause."  *Oliveras*, 96 F.4th at 305.  Under the special needs doctrine, however, warrantless search conditions

---

[6] As part of this argument, Robinson asserts that the electronic search condition "involves a greater deprivation of . . . liberty than is reasonably necessary" to achieve the goals of sentencing.  Appellant Br. at 22.  Accordingly, his constitutional challenge might also be understood as a substantive unreasonableness challenge.  *See Kunz*, 68 F.4th at 759 (suggesting that challenging a special condition as "necessarily more restrictive than is called for under the[] circumstances" is a substantive unreasonableness argument (emphasis omitted)).

may be constitutionally reasonable where (1) the government asserts a special need, "the importance of which derives both from the particular context in which it seeks to implement searches . . . and what the searches are designed to discover," (2) those subject to the search "enjoy a diminished expectation of privacy, partly occasioned by the special nature of the situation, and party derived from the fact that they are notified in advance of the search policy," and (3) the search program at issue "seek[s] a minimum of intrusiveness coupled with maximum effectiveness so that the searches bear a close and substantial relationship to the government's special needs." *Id.* (cleaned up). The condition must thus be "sufficiently supported by the record." *Id.* at 301.

As relevant here, we have long recognized that convicted persons on supervised release have a diminished expectation of privacy due to the special needs of supervised release and the defendant's notice of the condition. *See United States v. Reyes*, 283 F.3d 446, 458-61 (2d Cir. 2002); *see also Oliveras*, 96 F.4th at 309-11 (applying *Reyes*). This recognition springs from the principle that the government "interest[] in reducing recidivism and thereby promoting reintegration and positive citizenship . . . warrant[s] privacy intrusions that would not otherwise be tolerated under the Fourth Amendment." *Samson v. California*, 547 U.S. 843, 853 (2006).[7]

---

[7] Although *Samson v. California*, 547 U.S. at 857, concerned suspicionless searches of parolees, we have observed that the diminished Fourth Amendment rights of parolees "appl[y] with equal force to individuals . . . subject to federal supervised release—the reformed successor to federal parole," *Reyes*, 283 F.3d at 458, and relied on Fourth Amendment case law involving parolees to justify warrantless searches of supervisees, *see, e.g.*, *Oliveras*, 96 F.4th at 305-13; *Reyes*, 283 F.3d at 458-61.

15

The question thus becomes whether the special electronic search condition imposed on Robinson is sufficiently narrowly tailored to pass constitutional muster. We conclude that it is.

Under the terms of the condition, a search of Robinson's person, property, residence, vehicle, or electronics would only be permitted "when reasonable suspicion exists" that (1) Robinson violated a condition of supervision, and (2) the area to be searched contains evidence of the violation. App'x at 101. These potential searches must also occur at a "reasonable time and in a reasonable manner." *Id.* Given these limitations and the supervisee's diminished expectation of privacy, we find that it does not violate the Fourth Amendment's prohibition on unreasonable searches.

In asking us to invalidate the special search condition as unconstitutional, Robinson relies heavily on *Riley v. California*, 573 U.S. 373 (2014). In that case, the Supreme Court held that warrantless searches of cellphones seized incident to arrest violate the Fourth Amendment, reasoning that the search of digital information did not further the government interests animating this exception to the warrant requirement and worked a more substantial intrusion into an individual's privacy rights than the brief physical searches previously contemplated by the case law. *Id.* at 386-98, 401. But *Riley* recognized that "other case-specific exceptions may still justify a warrantless search of a particular phone." *Id.* at 401-02. That is the case here. The comparatively circumscribed privacy interests of supervisees and the substantial government interest in "determin[ing] whether the supervisee is violating the terms of his supervised release, including the condition that he not commit any further crimes," *Oliveras*, 96

16

F.4th at 312 (quotation marks omitted), remain sufficient to justify the warrantless search of electronic devices as permitted here.

We have already recognized as much in *United States v. Lajeunesse*, 85 F.4th 679 (2d Cir. 2023). Indeed, *Lajeunesse* expressly rejected the argument that *Riley*'s heightened protections for cell phones rendered a probation condition requiring submission to electronic searches an unconstitutional invasion of privacy, at least upon reasonable suspicion that evidence of illegal activity could be found on defendant's phone. *Id.* at 686-89. Since "probationers are entitled to a greater degree of privacy than are parolees," *id.* at 686, and the diminished Fourth Amendment rights of parolees "appl[y] with equal force" to supervisees, *Reyes*, 283 F.3d at 458, that conclusion defeats Robinson's *Riley* argument.

Our decision to uphold the electronic search condition at issue here comports with the broader arc of our Fourth Amendment case law. Of particular note, our Court has held that the special needs doctrine permits suspicionless search conditions "when sufficiently supported by the record." *Oliveras*, 96 F4th at 313. Suspicionless search conditions are, in an important sense, more intrusive than those requiring reasonable suspicion. Here, because the condition requires reasonable suspicion, is narrowly tailored, and is supported by the record, it is less intrusive than the *Oliveras* condition. [8]

---

[8] The search condition at issue in that case allowed "the probation officer to conduct a suspicionless search of the defendant's person, property, vehicle, place of residence or any other property under his or her control." *Oliveras*, 96 F.4th 298 at 301-02.

Accordingly, we find that special electronic search condition does not unconstitutionally infringe upon Robinson's Fourth Amendment liberties.

## CONCLUSION

The judgment of the United States District Court for the Eastern District of New York is **AFFIRMED**.