23-8080
*U.S. v. Miller*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty-five.

PRESENT:
REENA RAGGI,
GERARD E. LYNCH,
BETH ROBINSON,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                No. 23-8080

AARON MILLER,

     *Defendant-Appellant*,

PABLO ARMANDO VALENZUELA,

*Defendant.*[*]

_____

FOR APPELLEE:	REMY GROSBARD, Assistant United States Attorney (Derek Wikstrom, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR APPELLANT:	ANNA M. SKOTKO, Skotko Law PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 4, 2023, is **AFFIRMED**.

Defendant-Appellant Aaron Miller appeals from that part of the judgment of conviction entered December 4, 2023, that sentenced him to 70 months of imprisonment and three years of supervised release, following his guilty plea to one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 & 2. Miller pled

---

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

guilty to participating in a group armed robbery of a jewelry store in the Bronx in August 2022. One robber—not Miller—sprayed bear spray at jewelry store employees and bystanders. At least one of the robbers brandished a firearm. Others, including Miller, used hammers to smash glass cases to gain access to the displayed jewelry. The robbers grabbed $470,000 worth of jewelry from the display cases and elsewhere in the store and fled.

The district court sentenced Miller to 70 months of imprisonment, to be followed by three years of supervised release. The district court also imposed special conditions of supervised release, two of which Miller challenges on appeal for procedural error. The first challenged condition requires Miller to submit to searches of his "person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects" at "a reasonable time and in a reasonable manner" upon "reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct" (the "search condition"). App'x 71. The second requires him to participate in an outpatient treatment program for substance abuse, which "may include testing to determine whether [he has] reverted to using drugs or alcohol," and Miller "must contribute to the cost of services rendered based on [his] ability

to pay" (the "substance abuse condition"). *Id.* Miller contends these conditions are not supported by individualized findings on the record, constrain his liberty more than reasonably necessary, and are inconsistent with the Sentencing Commission's policy statements.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

District courts have "wide latitude" to impose special conditions of supervised release.[1] *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025). These conditions must be consistent with the Sentencing Commission's policy statements, *United States v. Farooq*, 58 F.4th 687, 694 (2d Cir. 2023), and should be:

> reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

U.S.S.G. § 5D1.3(b)(1).[2]  A special condition must "involve[] no greater deprivation

of liberty than is reasonably necessary for the purposes" of sentencing.  18 U.S.C.

§ 3583(d)(2); *see also* U.S.S.G. § 5D1.3(b)(1).  "When a fundamental liberty interest

is at stake, the condition is reasonably necessary only if the deprivation is narrowly

tailored to serve a compelling government interest."  *United States v. Thompson*, 143

F.4th 169, 176 (2d Cir. 2025).

When imposing special conditions of supervised release, the "district court

must make an individualized assessment . . . and state on the record the reason for

imposing it."  *United States v. Oliveras*, 96 F.4th 298, 313 (2d Cir. 2024).  If the district

court does not explain its reasoning, "we may uphold the condition imposed only

if the district court's reasoning is self-evident in the record."  *United States v. Betts*,

886 F.3d 198, 202 (2d Cir. 2018).

While we generally review the imposition of conditions of supervised

release for abuse of discretion, when, as here, the defendant did not object to the

conditions before the district court, we review for plain error.  *See, e.g.*, *United States

v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).  To demonstrate plain error, an appellant

---

[2] Because Miller was sentenced in 2023, we rely on the 2023 edition of the Sentencing Guidelines here.

must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020). We conclude that the district court did not commit plain error in imposing either condition.

### 1. Search Condition

Even if the district court did not make an individualized assessment to support this search condition, its rationale, even as to computers, storage devices, and digital communications, "is self-evident in the record." *Betts*, 886 F.3d at 202.

Based on this Court's recent precedent, we conclude that the connection between Miller's offense conduct and the search condition is self-evident from the record. *See United States v. Robinson*, 134 F.4th 104, 111–12 (2d Cir. 2025) (concluding the rationale for a similarly expansive search condition was self-evident in light of defendant's "extensive history of recidivism" and dishonesty with law enforcement, even where the offense conduct did not involve electronics).

6

We also reject Miller's argument that the search condition imposes a greater deprivation of liberty than reasonably necessary. While the search condition allows probation officers (with the assistance of law enforcement, if needed) to conduct a search without a warrant, it may only do so "when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct." App'x 71. And these searches must "be conducted at a reasonable time and in a reasonable manner." *Id.* This Court has upheld similar search conditions under comparable circumstances. *See Robinson*, 134 F.4th at 113–14 (concluding that a similar search condition was sufficiently tailored); *United States v. Lawrence*, 139 F.4th 115, 123–25 (2d Cir. 2025) (upholding reasonableness of a search condition that included computers when the defendant had used his cell phone to sell drugs).

Like the defendants in those cases, Miller is a recidivist; his offense conduct in this case, as well as his prior conviction, involved violence and firearms. To the extent that he argues that the search condition is overbroad in allowing reasonable-suspicion searches of his electronic devices and digital communications, we note that Miller used a cell phone to call his coconspirator in the days before and after the robbery. In addition, Miller was identified by law

7

enforcement in part because he posted a photo to his social media account showing him wearing the same shorts he wore on the day of the robbery.

Finally, Miller argues that the Guidelines only recommends search conditions in cases involving sex offenses. But, while the Guidelines recommends the imposition of search conditions in sex offense cases—which the offense at issue is not—that does not limit search conditions to *only* such cases. U.S.S.G. § 5D1.3(d)(7)(C) (explaining conditions "may otherwise be appropriate in particular cases" "in addition" to those "recommended in the circumstances described"). And we have upheld these conditions in cases that do not involve sex offenses. *See, e.g.*, *Lawrence*, 139 F.4th at 119; *Robinson*, 134 F.4th at 111–12.

## 2. Substance Abuse Condition

Even if the district court did not adequately explain its reasons for imposing the substance abuse condition, that condition is also supported by the record. Miller admitted to probation that he began smoking marijuana at fifteen or sixteen years old and at the height of his marijuana use, he would smoke two to three blunts one or two times a day. Although Miller said he did not have a substance abuse problem and stopped drinking in 2021 and smoking in 2022, he participated in substance abuse treatment while in prison in 2023 and informed his Probation

Officer that he would attend substance use treatment if needed. And in moving for a downward variance at sentencing, Miller's counsel argued that Miller was at an increased risk of future substance abuse because of his birth mother's history of drug abuse.

Miller challenges the substance abuse condition as imposing a greater deprivation of liberty than is reasonably necessary because it imposes a restraint on Miller's ability to participate in lawful activities, requires he be tested, and makes him contribute to the cost of services. But the record supports a conclusion that Miller had a substance abuse problem, allowing the district court to impose "testing to determine whether the defendant has reverted to the use of drugs or alcohol." U.S.S.G. § 5D1.3(d)(4); *see United States v. Chaklader*, 232 F.3d 343, 348 (2d Cir. 2000) (affirming treatment condition even where "there is no evidence of current abuse of drugs or alcohol"). As for the cost, the special condition specifically restricts his contribution "based on [his] ability to pay." App'x 71; *see also United States v. Rasheed*, 981 F.3d 187, 198–99 (2d Cir. 2020).

* * *

The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9