*United States v. Lozano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

———————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                24-2120

JOSE WALTER HERNANDEZ LOZANO, AKA
JOSE WALTER HERNANDEZ LAZANO,

> *Defendant-Appellant.*∗

———————————————————

For Appellee:                           Nicholas S. Bradley, Stephanie Simon, Assistant
                                        United States Attorneys, *for* Jay Clayton, United States
                                        Attorney for the Southern District of New York, New
                                        York, NY

---

∗ The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

For Defendant-Appellant:               Georgia J. Hinde, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Jose Walter Hernandez Lozano appeals from a judgment entered on July 29, 2024, in the United States District Court for the Southern District of New York (Gregory H. Woods, *District Judge*), following a guilty plea to conspiracy to import 500 grams and more of cocaine and 100 grams and more of heroin, in violation of 21 U.S.C. §§ 963, 952(a), 959(a), 960(a)(1), 960(a)(3), 960(b)(2)(B), and 960(b)(2)(A). The district court sentenced Hernandez Lozano to a term of imprisonment of 162 months, followed by four years of supervised release. At sentencing, the district court imposed several special conditions of supervision, including a search provision mandating that Hernandez Lozano "submit his person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search" upon "reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by" Hernandez Lozano. We assume the parties' familiarity with the case.

## I.     Search Condition

On appeal, Hernandez Lozano argues that the district court erred by failing to justify portions of his search condition that cover electronic devices based on an individualized assessment specific to him or his offense conduct. Hernandez Lozano did not make this argument below, so we review the district court's judgment for plain error. *See United States v. Green*, 618

2

F.3d 120, 122 (2d Cir. 2010).[1]

First, Hernandez Lozano asserts that because his offense conduct "involved one in-person meeting and three telephone calls," the district court could not have concluded that there was "an individualized factual basis" for the search condition, nor "is the reason for this special condition otherwise self-evident from the record" because Hernandez Lozano didn't use a computer (or other data storage or cloud storage devices) during his offense of conviction. Appellant's Br. at 14–15. We have recently explained that district courts may reasonably conclude that an electronic search condition is "necessary for ensuring the effectiveness of supervision . . . even where the record does not indicate electronic devices were misused in the underlying crime of conviction or criminal history." *United States v. Thompson*, 143 F.4th 169, 180 (2d Cir. 2025); *see also United States v. Robinson*, 134 F.4th 104, 112 (2d Cir. 2025); *United States v. Lawrence*, 139 F.4th 115, 124–25 (2d Cir. 2025). Accordingly, the district court was not required to justify any portion of the search condition by linking it to any portion of his past criminal conduct. Even if there were such a requirement, it would be satisfied here because Hernandez Lozano's offense conduct involved the use of cellphones: in addition to his phone calls with the government's confidential sources, Hernandez Lozano had multiple photos of firearms and other weapons (including those from a weapons demonstration in Vienna, Austria that one of his co-conspirators attended) on his phone at the time of his arrest.

Next, Hernandez Lozano complains that the district court did not make an individualized assessment to justify the special condition. But before imposing the search condition, the district court explained that it was doing so "[b]ecause the defendant was involved in the negotiated sale

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3

of drugs and weapons and there is a need to monitor his continuing compliance with the conditions of supervised release and the law." App'x 82–83. This explanation, which reflected a case-specific consideration of the facts, was sufficient. *See Thompson*, 143 F.4th at 178 (upholding a similar condition where the district court "said it was imposing all three special conditions of supervised release given 'the nature and circumstances of Thompson's offense, and his history and characteristics'") (alterations adopted).

Accordingly, the district court did not plainly err in imposing the challenged search condition.

## II.     Recommended Designation to a Facility in the Miami-Dade Area

After Hernandez Lozano's sentence was imposed, defense counsel requested that "the Court add a recommendation for [Hernandez Lozano's] placement to be within the Miami-Dade, Florida area to allow for possible visitation from his family from Colombia to facilitate his rehabilitation." App'x 85. The court responded that it was "happy to include a recommendation in the judgment that the defendant be designated to a facility in that area to permit family visits to the extent consistent with his security designation." *Id*.

The court's written judgment did not include the recommendation, however, and Hernandez Lozano is serving his sentence at FCI Ashland in Ashland, Kentucky. Hernandez Lozano therefore asks this Court for a limited remand with instructions to modify the written judgment to include the recommendation, arguing that the discrepancy constitutes a conflict between the terms of his oral and written sentence. *See United States v. Peguero*, 34 F.4th 143, 165 (2d Cir. 2022). But *where* a defendant is incarcerated is not a term of his sentence; the Bureau of Prisons retains discretion to determine the facility at which a defendant will serve. *See Tapia v. United States*, 564 U.S. 319, 331 (2011). There is therefore no impermissible conflict here, and

4

accordingly we are not required to remand.

Nevertheless, the record before us suggests that the omission of the district court's recommendation might have been a scrivener's error, which the district court would be permitted to correct "at any time" under Federal Rule of Criminal Procedure 36.   *See, e.g.*, *United States v. Werber*, 51 F.3d 342, 346 (2d Cir. 1995).   We therefore exercise our discretion to remand to the district court for the limited purpose of allowing it to amend the judgment (if it so wishes) to include the recommendation.

Accordingly, we **AFFIRM** the judgment of the district court and **REMAND** to the district court for the limited purpose outlined above.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5