23-6945-cr
*United States v. Edwards*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-six.

**PRESENT:**
> **GUIDO CALABRESI,**
> **EUNICE C. LEE,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                                  **No. 23-6945-cr**

**Jason Edwards,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**   JEREMY GUTMAN, New York, NY.

**FOR APPELLEE:**   ANDREW CHAN & Nathan Rehn, Assistant United States Attorneys, *for* Edward Y. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rearden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jason Edwards appeals from an August 4, 2023 judgment of the United States District Court for the Southern District of New York (Rearden, *J.*) convicting him of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and sentencing him to 55 months' imprisonment followed by three years of supervised release. Edwards challenges only the propriety of one condition of his supervised release requiring him to submit to searches by the Probation Department (the "Search Condition").[1]

---

1  The condition reads as follows:

You shall submit your person, and any property, residence, vehicle, papers, computer, other

2

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

*     *     *

Even assuming that, as Edwards argues, the district court did not make an individualized assessment as to the necessity of the Search Condition, "any error in this respect is harmless" because the connection between Edwards' conduct and the condition is self-evident from the record. *United States v. Robinson*, 134 F.4th 104, 111 (2d Cir. 2025). Such a condition can be necessary because "it operates as an important means for enforcing the court's other conditions and enabling the detection of evidence of supervised release violations." *Id.* at 112. A defendant need not have been "convicted of a sex offense or of any offense involving the use of a computer or other electronic device." *Id.* at 111.

---

electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner.

Appellee's Br. at 6-7 (quoting Presentence Investigation Report at 27).

Here, as in *Robinson*, Edwards has a serious criminal history, including an armed assault and a conspiracy to commit bank fraud. And, while Edwards did not use electronics to commit the instant offense of conviction, his prosecution relied on evidence that law enforcement recovered from a seized cell phone, including photos of firearms, photos of Edwards at a shooting range, and a video of Edwards threatening someone with a gun. Finally, Edwards' high-speed vehicular flight from law enforcement and refusal to cooperate once stopped "cast[] further doubt on his ability to deal in good faith with law enforcement while on supervised release." *Id.* at 112. Edwards provides no other basis to distinguish the condition here from the one in *Robinson*, and we thus conclude that its necessity is self-evident from the record.

\*     \*     \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4