24-1990-cr
*United States v. Huntley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                       24-1990-cr

JOSEPH HUNTLEY,

> *Defendant-Appellant*.

---

FOR APPELLEE:                    TIMOTHY V. CAPOZZI (James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:         LAWRENCE D. GERZOG, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Circuit Judge*, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on July 12, 2024, is **AFFIRMED**.

Defendant-Appellant Joseph Huntley appeals from the district court's judgment revoking supervised release following his guilty plea to violating the conditions of his supervision. In particular, Huntley pled guilty to: (1) failing to follow the instructions of the district court by operating a motor vehicle without possessing a valid driver's license; (2) failing to truthfully answer the inquiries of the Probation Office, by providing altered documents to the Probation Office to support his false claim that he was told by the Department of Motor Vehicles that his driver's permit was not suspended; and (3) committing the federal crime of making false statements, by knowingly providing false documents to the Probation Office. Following his guilty plea, the district court revoked Huntley's term of supervised release and sentenced him to one year of imprisonment, to be followed by a two-year term of supervised release, with the same mandatory, standard, and special conditions that it had previously imposed (with the exception of a previously imposed outpatient treatment program), and added a special condition that he "maintain lawful, 'on the books' employment." App'x at 106.

On appeal, Huntley challenges three special conditions imposed as part of his term of supervised release: Special Condition One, which provides, *inter alia*, that Huntley "must submit [his] person, residence, place of business, vehicle, and any property or electronic devices under [his] control to a search on the basis that the Probation Officer has reasonable suspicion that contraband or evidence of a violation of the conditions of . . . supervised release may be

2

found," (the "Search Condition"); Special Condition Two, which provides that Huntley "shall provide the Probation Officer with access to any requested financial information"; and Special Condition Three, which provides that Huntley "shall not take out any loans, incur new credit charges, or open additional lines of credit without the approval of the Probation Officer[,]" (together, with Special Condition Two, the "Financial Conditions"). *Id.* Huntley contends principally that the district court erred in failing to provide any individualized rationale as to the imposition of the Financial and Search Conditions. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"This Court generally reviews the imposition of supervised release conditions for abuse of discretion." *United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024). "When a challenge to a condition of supervised release presents an issue of law, however, we review the imposition of that condition *de novo*, bearing in mind that any error of law necessarily constitutes an abuse of discretion." *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019) (internal quotation marks and citation omitted). Where a defendant fails to object to the challenged condition below, we review the district court's decision for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008). For there to be plain error, a defendant must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (internal quotation marks and citation omitted).

3

## I. The Financial Conditions

Although Huntley argued in his brief on appeal that "[t]he financial conditions found in the judgment . . . should be stricken" because they were "not spoken at sentencing," Appellant's Br. at 13, he abandoned that argument at oral argument of this appeal in light of our recent decision in *United States v. Maiorana*, 153 F.4th 306, 314 (2d Cir. 2025) (en banc) (holding that the "sentencing court need not read the full text of every condition on the record," so long as it at least, "as part of the pronouncement of the sentence in the presence of the defendant during the sentencing proceeding, expressly adopt[s] or specifically incorporate[s] by reference particular conditions that have been set forth in writing and made available to the defendant"). Huntley's attorney stated that "the point we're trying to make is not so much that there was no oral presentation during the court proceeding," Oral Arg. Tr. at 3, as that the district court abused its discretion by imposing the Financial and Search Conditions without providing an individualized assessment as to each. We disagree.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," "the need to protect the public from further crimes of the defendant," and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b)(1); *see also United States v. Myers*, 426 F.3d 117, 124–25 (2d Cir. 2005).

4

Moreover, when determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . , and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. However, even when the district court does not provide such an explanation, the condition at issue can be upheld "if the district court's reasoning is self-evident in the record." *Id*. (internal quotation marks and citation omitted). Because Huntley had notice of the Financial Conditions and failed to raise any objection to them, we review the district court's imposition of those conditions for plain error. *See Dupes*, 513 F.3d at 343 & n.2.

Here, we conclude that the district court's failure to explicitly state the reason for imposing the Financial Conditions was harmless because its reasoning is "self-evident in the record," and we discern no plain error in that determination under the particular facts of this case. *Betts*, 886 F.3d at 202 (internal quotation marks and citation omitted). Huntley concedes that financial conditions may properly be imposed where they "relate to the implementation of other conditions that the court imposed." Appellant's Reply Br. at 8. That is precisely the circumstance present here. At sentencing, Huntley admitted that he had been working a construction job "off the books" to avoid garnishment of his wages for child support. App'x at 89–90. Indeed, it is clear from the record that he had consistently failed to comply with his child support obligations. The district court noted that avoiding child support payments was not a legitimate reason to be "off the books," and imposed a special condition that Huntley "maintain lawful, 'on the books' employment." *Id*. at 106. Therefore, it is self-evident from the record that the Financial Conditions were imposed as part of the district court's efforts to ensure that Huntley maintained lawful employment (and did not evade his child support obligations), and

5

thus were reasonably related to Huntley's history and characteristics, and "involve[d] no greater deprivation of liberty than [wa]s reasonably necessary" for that purpose. [1] U.S.S.G. § 5D1.3(b)(1). Indeed, the Financial Conditions are further supported here given Huntley's history of fabricating records and lying to the Probation Office and are clearly necessary to serve as "an effective monitoring[—]and hence deterring[—]device" to ensure that Huntley complies with the terms of his supervised release. *United States v. Brown*, 402 F.3d 133, 137 (2d Cir. 2005). Accordingly, we discern no plain error in the district court's imposition of the Financial Conditions.

## II. The Search Condition

With respect to the Search Condition, Huntley concedes that it was discussed by the district court, but contends that the discussion did not constitute "a legally adequate justification." Appellant's Br. at 18. Because Huntley objected to the Search Condition below, we review for abuse of discretion. *Oliveras*, 96 F.4th at 304. Huntley argues that the district court provided no explanation as to how the instant violations, *i.e.*, falsifying documents, justify the Search Condition. On the contrary, the record amply supports the district court's imposition of the Search Condition. As the district court explained:

> He's lied to [P]robation repeatedly. He's lied to the [c]ourt repeatedly. He has falsified documents. And his prior underlying [conviction] is a weapon offense, right, with a racketeering offense before that. . . .
> The search condition I think is appropriate given the dishonesty, given the prior criminal conduct here. I think that there is every reason to think that Mr. Huntley needs to be carefully scrutinized to make sure that he is working on the books,

---

[1] The government also argues that "Huntley's history of earning money through the sale of narcotics justified imposition of the Financial Conditions." Appellee's Br. at 26. However, we need not address this argument given that we conclude that the Financial Conditions were justified on the above-referenced grounds.

that he doesn't have other employment, and he's not engaging in any other dishonest conduct towards [P]robation.

App'x at 88, 98. This explanation, coupled with the record evidence, demonstrates that the district court made the required individualized assessment to support its determination. The Search Condition, with the inclusion of electronic devices, is reasonably related to Huntley's current violations of supervised release, his history and characteristics, and the need to deter future violations and protect the public. *See United States v. Robinson*, 134 F.4th 104, 111–12 (2d Cir. 2025). Finally, we reject Huntley's contention that the Search Condition imposes an "extreme deprivation of [his] liberty interests[.]" Appellant's Br. at 17. Although the Search Condition allows probation officers to conduct a search without a warrant, they may do so only "at a reasonable time and in a reasonable manner" and upon "reasonable suspicion that contraband or evidence of a violation . . . may be found." App'x at 106. "As we have repeatedly explained in affirming [similar] search conditions, those conditions do not constitute a greater deprivation than reasonably necessary because they require reasonable suspicion." *Oliveras*, 96 F.4th at 315 (emphasis omitted). Accordingly, we conclude that the district court did not abuse its discretion in imposing the Search Condition.

* * *

We have considered Huntley's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7