24-2641-cr
United States v. Minott

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-six.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v. No. 24-2641-cr

MARVIN MINOTT,

*Defendant-Appellant*.[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

FOR DEFENDANT-APPELLANT:      PAUL J. ANGIOLETTI, Esq., Staten Island, NY

FOR APPELLEE:      LISA DANIELS (Michael D. Maimin, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Marvin Minott appeals from the September 26, 2024 judgment, as amended on October 28, 2025, entered by the United States District Court for the Southern District of New York (Carter, *J.*) sentencing him principally to fifty-one months' imprisonment to be followed by three years of supervised release.  On appeal, Minott challenges a special condition of supervised release requiring him to submit his "papers, computer, other electronic communication, data storage devices, [and] cloud storage or media . . . to a search by any United States Probation Office" at "a reasonable time and in a reasonable manner" when "there is reasonable suspicion concerning a violation of supervision or [other]

2

unlawful conduct."[1]  App'x 137.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Although we "generally review the imposition of conditions of supervised release for abuse of discretion," *United States v. Robinson*, 134 F.4th 104, 109 (2d Cir. 2025) (quotation marks omitted), we review for plain error where, as here, the defendant does not object to a condition before the district court, *see United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).  Minott argues that the District Court committed plain error in imposing the challenged electronic search condition.

We disagree.  The reasons for imposing the electronic search condition are self-evident in the record before us.  *See United States v. Sims*, 92 F.4th 115, 123–24 (2d Cir. 2024).  Minott used a cellphone to record a video of the ammunition he unlawfully possessed, and he also used Facebook to discuss using the ammunition.  And he committed the instant offense, his fourth felony conviction, while on post-release supervision.  On this record, we conclude that the

---

[1] Although the electronic search condition was not included in the District Court's written judgment, the District Court's oral pronouncement at sentencing controls.  *See United States v. Maiorana*, 153 F.4th 306, 310 (2d Cir. 2025).  The special condition was included in the amended written judgment entered October 28, 2025.

electronic search condition is reasonably related to the "nature and circumstances of [Minott's] offense" as well as the need "to afford adequate deterrence" and "to protect the public from [Minott's] further crimes." 18 U.S.C. § 3553(a); *see Robinson*, 134 F.4th at 111–12.

The electronic search condition permits searches only upon "reasonable suspicion [of] a violation of supervision or [other] unlawful conduct" and requires that every search be conducted "at a reasonable time and in a reasonable manner." App'x 137. Accordingly, the condition does not impose a "greater deprivation of liberty than is reasonably necessary" to achieve the goals of sentencing, *United States v. Lewis*, 125 F.4th 69, 77 (2d Cir. 2025) (quotation marks omitted), and is not overbroad, *see United States v. Oliveras*, 96 F.4th 298, 315 (2d Cir. 2024).

We have considered Minott's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court