24-619-cr
*United States v. Edgar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of September, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> EUNICE C. LEE,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                              No. 24-619-cr

JAMAL HARRIS, AKA DIRT, AKA DIRT MAN,
KERRY PARRIS, AKA DOGFACE,

> *Defendants*,

CONRAD EDGAR, AKA C,

> *Defendant-Appellant.*

---

FOR APPELLEE:                                Kevin T. Sullivan, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Matthew Podolsky, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:                    Andrew H. Freifeld, Esq., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Conrad Edgar appeals from a judgment of conviction following his guilty plea to conspiring to distribute cocaine base, heroin, and fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), for which he received a sentence of fifty-one months' imprisonment to be followed by three years of supervised release. On appeal, Edgar argues that the district court erred by imposing a special condition of supervised release that permitted any U.S. Probation Officer to conduct a search of his electronic devices upon reasonable suspicion of unlawful conduct or a violation of supervised release conditions. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*                    *                    *

Where, as here, a defendant failed to challenge the imposition of a condition of supervised release below, we review the challenge for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). To demonstrate plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant]'s substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (quoting *United States v. Bastian*, 770 F.3d 212, 219–20 (2d Cir. 2014)). A district court has "wide latitude in imposing conditions of supervised release [and] . . . may order special

conditions of supervised release if they are reasonably related to the statutory purposes of supervision: namely, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence; the protection of the public; and the rehabilitative and medical care needs of the defendant." *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020) (internal quotation marks omitted). A district court must, however, state on the record its reason for imposing a special condition of supervised release and "failure to do so is error" unless "the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted). District courts are to "make findings specific to the defendant, connecting those findings to the applicable § 3553(a) factors," *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024), to ensure that the special condition "does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing," *id.* at 125 (quoting *United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015)). "[W]here a condition of supervised release implicates a constitutional right, we conduct a more searching review in light of the heightened constitutional concerns at issue." *United States v. Robinson*, 134 F.4th 104, 112–13 (2d Cir. 2025) (internal quotation marks omitted). Nevertheless, this Court has held that a "special electronic search condition, which requires reasonable suspicion, does not deprive [a defendant] of any Fourth Amendment liberties." *Id*. at 113.

Here, the district court briefly stated on the record its reason for imposing the electronic search condition: "A search condition is in place because the instant offense involved illegal drugs and for the protection of the community." App'x at 120. Although the district court's explanation of its individualized assessment is minimal, the electronic search condition is justified

3

in the record by Edgar's criminal history of drug dealing spanning approximately thirty years. The district court referenced this history, noting Edgar's "dealing [of] serious drugs [including heroin with fentanyl and crack cocaine] that kill people in [the] community." *Id*. at 102-03. Moreover, with regard to the instant offense, Edgar and his co-conspirators used their cellphones to communicate with each other and drug customers. Given these circumstances, particularly his use of electronic devices to facilitate drug dealing, the special condition is reasonably related to Edgar's history and characteristics. *See United States v. Thomas*, 827 F. App'x 72, 75 (2d Cir. 2020) ("We have frequently approved of [electronic search] conditions where the conduct underlying a conviction or prior conviction has involved the use of computers or other electronic devices.").

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4