24-1708-cr
*United States v. Reyes-Lacayo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> REENA RAGGI,
> *Circuit Judges*,

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    24-1708

KEVIN REYES-LACAYO,

> *Defendant-Appellant*.

| | |
|---|---|
| For Appellee: | JOSHUA ROTHENBERG, Assistant United States Attorney, *for* John A. Sarcone III, Acting United States Attorney, Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | ANDREW H. FREIFELD, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kevin Reyes-Lacayo ("Reyes-Lacayo") appeals a final judgment entered by the United States District Court for the Northern District of New York (Sannes, *C.J.*) on March 5, 2024, sentencing him to a total 41-month term of imprisonment and a total five-year term of supervised release for one count of conspiracy to commit alien smuggling, in violation of 8 U.S.C. § 1324(a)(1)(a)(v)(I), three counts of alien smuggling, in violation of 8 U.S.C. § 1324(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C.§ 2252A. On appeal, Reyes-Lacayo challenges four special conditions of his supervised release. Special Conditions Three, Four, and Five limit Reyes-Lacayo's contact with children. App'x at 122. And Special Condition Seven requires Reyes-Lacayo to submit to truth verification examinations such as polygraphs. *Id.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM**.

Although "[w]e generally review the imposition of conditions of supervised release for abuse of discretion," *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019), where "a defendant has notice that a condition of supervised release will be imposed and fails to object in the district court, our review is for plain error." *United States v. Robinson*, 134 F.4th 104, 109 (2d Cir. 2025). In this case, the parties received the special conditions of supervised release in the Presentence Investigation Report eight months before the sentencing hearing. Because Reyes-Lacayo had

2

ample notice and opportunity to object but failed to raise any objections to the district court, we review for plain error.[1]

To establish plain error, the defendant-appellant must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). Our Circuit cautions that "reversal for plain error should 'be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982)). "We 'typically will not find such error where the operative legal question is unsettled,' including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (quoting *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001)).

**A. Limitations on Contact with Children**

The district court did not plainly err in imposing special conditions of supervised release limiting Reyes-Lacayo's contact with children. "Our caselaw is clear that a district court retains wide latitude in imposing conditions of supervised release." *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025) (alteration adopted) (internal quotation marks omitted). And conditions requiring defendants not to associate with minors and to avoid locations where minors congregate

---

[1] We decline the Government's invitation to address this Circuit's caselaw on "relaxing" the plain error standard in the sentencing context where the defendant lacked prior notice of a challenged condition. Here, "no matter what flavor of plain error review might apply," *United States v. Osuba*, 67 F.4th 56, 65 n.6 (2d Cir. 2023), Reyes-Lacayo's claims fail.

are permissible in appropriate cases. *See United States v. MacMillen*, 544 F.3d 71, 75-76 (2d Cir. 2008).

Here, the district court made an individualized assessment, examining Reyes-Lacayo's conduct, rather than relying on the bare fact of conviction of possession of child pornography. *See United States v. Thompson*, 143 F.4th 169, 178-179 (2d Cir. 2025) ("[T]he district court demonstrated its individualized assessment of the [special] condition when it stated that, in imposing these special conditions, it was taking into account the nature and circumstances of [the defendant's] offense, as well as his history and characteristics—all of which were laid out in detail in the PSR and sentencing submissions."). It determined that the special conditions were "necessary and justified to appropriately supervise him in the community and protect the public from future crimes." App'x at 111. Since the rationale for conditions limiting his contact with children is sufficiently self-evident in the record, we discern no error, much less error that is plain.

**B. Truth Verification Examinations**

Nor did the district court err in imposing a special condition of supervised release requiring submission to truth verification examinations. Our Court has upheld truth verification examination conditions as an important part of supervised release, especially as it relates to sex offender rehabilitation. *Boles*, 914 F.3d at 112. "The polygraph can help penetrate deception and encourage an offender to confront his own motivations and behaviors." *United States v. Johnson*, 446 F.3d 272, 278 (2d Cir. 2006). Polygraph testing "further[s] sentencing objectives such as rehabilitation and deterrence, with reasonably small incremental deprivations of liberty." *Id.* The record supported the imposition of such a condition because Reyes-Lacayo hid possession of his child pornography and, while under oath, repeatedly gave contradictory

4

statements about his knowledge of the victim's age. We again conclude that the district court did not err by imposing this condition.

* * *

We have considered Reyes-Lacayo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk