*United States v. Chambers*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand and twenty-six.

PRESENT:
> BETH ROBINSON,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
>     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

        v.                           No. 22-3165

MARCUS CHAMBERS, AKA CHINO,
AKA CHI D, AKA SP,

    *Defendant-Appellant*,

DARNELL KIDD, AKA BLACK, AKA DONNEY,
AKA DONNEY BLACK,

*Defendant.*[*]

_____

FOR APPELLEE:                          Christopher D. Brumwell, Olga I.
                                       Zverovich, James Ligtenberg,
                                       Assistant United States Attorneys, *for*
                                       Jay Clayton, United States Attorney
                                       for the Southern District of New
                                       York, New York, NY.


FOR DEFENDANT-APPELLANT:                James M. Branden, Law Office of
                                       James M. Branden, Staten Island, NY;

                                       Marcus Chambers, representing
                                       himself;

                                       James Kousouros and Stuart Gold,
                                       Law Office of James Kousouros, New
                                       York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** in part, **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

---

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

Defendant-Appellant Marcus Chambers pled guilty to the charges of Hobbs Act Robbery, 18 U.S.C. § 1951, and Conspiracy to Commit Hobbs Act Robbery, 18 U.S.C. § 371, and was sentenced principally to 240 months' imprisonment. On appeal, Chambers contends his sentence must be vacated as procedurally and substantively unreasonable, and he challenges the court's imposition of several special conditions of post-incarceration supervised release. The government contends his appeal of his prison sentence should be dismissed pursuant to the appellate waiver in the plea agreement, and that the district court did not commit reversible error with respect to the conditions of his supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I.    Appeal Waiver

Chambers signed a plea agreement including an appeal waiver barring him from appealing "any sentence within or below the Stipulated Guidelines Sentence of 25 years' imprisonment . . . ." App'x 234. He agreed that "this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with" a previous sentence. *Id.* The plea agreement expressly preserved Chambers' ability to argue at sentencing that the district court should

3

take into account the time Chambers served in connection with a prior conviction for drug trafficking related charges.

In challenging his below guidelines sentence, which is five years shorter than the 25 year cap on Chambers' appeal waiver, Chambers argues the appeal waiver is unenforceable primarily on the basis that the district court abdicated its judicial responsibility by failing to enunciate a rationale for its sentence and, in particular, failing to address and adequately consider Chambers' non-frivolous arguments for mitigation.

We conclude the waiver is enforceable here. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).[1] Knowing and voluntary waivers are unenforceable in limited situations, such as "when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Id.*

These exceptions don't apply here. We have held that the statutory requirement that the district court state its reasons for imposing a sentence is

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

waivable, and a district court's failure to explain a sentence vitiates an appeal waiver only when the arbitrary practice of sentencing without reasons amounts to an "abdication of judicial responsibility subject to mandamus." *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). Here, the district court's response to Chambers' primary sentencing arguments and its explanation of its sentence, though not extensive, do not amount to an abdication. The district court expressly rejected the suggestion that the conduct here was related to the conduct for which Chambers had already served time, and that the court should reduce his sentence on these charges to account for the prior sentence. And the district court rejected the argument that Chambers' challenging upbringing mitigated his culpability here.

## II. Challenges to Special Conditions of Supervised Release

Notwithstanding the appellate waiver in the plea agreement, Chambers may appeal the imposition of conditions of supervised release. *United States v. Burden*, 860 F.3d 45, 53–55 (2d Cir. 2017) (per curiam) ("[W]hen an appeal waiver is silent regarding a specific aspect of a sentence, this Court generally finds that the appeal waiver does not foreclose challenges to that aspect of the sentence."). Accordingly, we consider his contentions that the district court erred by imposing

five special conditions of release without orally pronouncing them on the record, and, by extension, that the court failed to explain its reasons for imposing the challenged conditions.

Chambers' right to be present during sentencing generally requires that the terms of a sentence "be orally pronounced by the court in the defendant's presence at the sentencing proceeding." *United States v. Maiorana*, 153 F.4th 306, 310 (2d Cir. 2025) (en banc). This right is satisfied "through the express adoption of particular conditions that have been set forth in writing and made available" in the Presentence Report (PSR). *Id.* at 315. The district court here confirmed that Chambers reviewed the PSR with his counsel and that he had no objections, and imposed the special conditions listed in the PSR.

In addition, "[f]or the imposition of special conditions of supervised release to be procedurally reasonable, a district court must make an individualized assessment and state on the record the reason for imposing the condition." *United States v. Robinson*, 134 F.4th 104, 111 (2d Cir. 2025). A district court plainly errs when it imposes a condition without sufficient explanation and "it is not obvious from the record why such a condition was reasonably necessary." *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019); *see also United States v. Betts*, 886 F.3d 198, 202

(2d Cir. 2018) (without an explanation, "we may uphold the condition imposed only if the district court's reasoning is self-evident in the record"). We thus consider whether the basis for the imposition of the unexplained special conditions is self-evident in the record.

*A. Search Condition*

Chambers appeals a special condition of supervised release that requires him to submit to a search of, among other things, himself, his property, and his electronic data upon reasonable suspicion of a violation of a condition of supervision or unlawful conduct (the "Search Condition").

In light of this Court's recent precedent, we conclude that the connection between Chambers' conduct and the search condition is self-evident from the record. Chambers has an extensive history of possession of firearms and drugs. He was twice convicted in state court for firearm and drug charges, and his previous federal conviction involved possession of a firearm in furtherance of drug trafficking as part of a long-running conspiracy. PSR ¶¶ 34–36. While incarcerated on his prior federal conviction, he was sanctioned for a variety of offenses including possessing drugs and possessing weapons or hazardous materials. PSR ¶ 36. And the charges to which Chambers pled guilty giving rise

to this appeal are more serious than those we found supported the self-evident need for this condition in *Robinson*, as Chambers' armed robbery resulted in the death of the robbery victim. *See* 134 F.4th at 107–08, 111.

Our precedent also requires us to conclude that the need for the electronic search conditions is obvious on the record before us. After traveling from Yonkers, New York to White Plains, New York and arriving to an apartment complex, Chambers "called" the victim of the robbery and "arranged to meet with [the victim] for what [he] believed was a marijuana sale." PSR ¶ 13. When Chambers entered his guilty plea here, the government noted that its evidence against him included "telecommunication records." App'x 68. We frequently approve "of electronic search conditions where the conduct underlying a conviction or prior conviction has involved the use of computers or other electronic devices." *Robinson*, 134 F.4th at 112. We thus find no plain error in the imposition of the Search Condition.

### B. Financial Conditions

The court imposed two conditions related to Chambers' financial status: one requiring him to provide his "probation officer with access to any requested financial information" (the "Financial Information Condition") and one requiring

him not to "incur new credit charges or open additional lines of credit without the approval of the probation officer unless [he is] in compliance with the installment payment schedule" (the "Credit Condition"). App'x 283.

The PSR states only this about the financial conditions: "Restitution has not yet been determined; therefore, to certify that the defendant remains in compliance with any possible restitution order, and the payment of any criminal monetary penalties imposed at sentencing, we also suggest the special conditions requiring financial disclosure and restrictions." PSR at 18.

The court ultimately did not include restitution or a fine in Chambers' sentence. Though the court imposed an up-front assessment of $200 and Chambers has a restitution order against him from his previous federal conviction, we do not think the district court's reasoning for imposing either the ongoing Financial Information Condition or the Credit Condition is "self-evident in the record." *Betts*, 886 F.3d at 202; *see also United States v. Arguedas*, 134 F.4th 54, 71–72 (2d Cir. 2025).

### C. Other Conditions

The final special conditions imposed on Chambers are that he must report to the probation office within 72 hours of his release from imprisonment and that

9

the court recommends that he "be supervised by [his] district of residence." App'x 283. These are plainly basic administrative requirements "necessary to supervised release" which provide "essential details for the defendant's compliance" with other conditions, which "are presumed suitable in all cases." *Arguedas*, 134 F.4th at 71.

\* \* \*

In light of the foregoing, Chambers' appeal is **DISMISSED** to the extent he challenges the term of his incarceration. We **VACATE** the judgment of the district court only as to two conditions of release: the Financial Condition and the Credit Condition, and we otherwise **AFFIRM** the conditions of release. The matter is **REMANDED** for further consideration of whether it is necessary to impose these special conditions and, if so, for the District Court to explain[2] the basis for imposing them in light of the factors listed in Guidelines Section 5D1.3(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Chambers may nevertheless choose, at his discretion, to waive his right to a hearing and accept written notice of the conditions the district court intends to impose on remand. *See, e.g., Maiorana*, 153 F.4th at 315 n.14.

10